## TEXAS EMPLOYERS' INS. ASS'N v. LEE.
### (No. 12078.)

Court of Civil Appeals of Texas. Fort Worth.
Feb. 2, 1929.

Rehearing Granted Sept. 21, 1929.

Bullington, Boone, Humphrey & King, of Wichita Falls, for plaintiff in error.

Davenport & Crain, of Wichita Falls, for defendant in error.

CONNER, C. J. Pending this motion for a rehearing in this case, our Commission of Appeals, with the approval of the Supreme Court, handed down the decision in the case of Lumbermen's Reciprocal Ass'n v. Day (Tex. Com. App.) 17 S.W.(2d) 1043. In compliance with the ruling made in that case, we have felt compelled under the undisputed facts shown to reverse the judgment entered by the district court and here render it in favor of the plaintiff association, as will be seen by an opinion this day filed by us.

Accordingly, the motion for rehearing in this case is granted, and our former judgment of affirmance is set aside, and our opinion affirming the case filed on February 2, 1929, is withdrawn.

Defendant in error, Ernest Lee, hereinafter referred to as defendant, while in the employ of a subscriber of the appellant association, hereinafter referred to as plaintiff, on July 1, 1926, suffered an injury to his left hand, which he alleges rendered his hand and arm permanently disabled. The injury was in due time and form reported to the association and claim filed for compensation. The Industrial Accident Board, on the 4th day of October, 1926, entered its final ruling and decision, based upon a compromise agreement that had been entered into between defendant and a representative of the plaintiff association. The basis of the settlement was, as defendant testified, the association's physician's opinion that the defendant had suffered a disability of the use of his hand, as a result of his injury "anywhere from 30% to 35%." The settlement was duly presented to and approved by the Industrial Accident Board, and the defendant received by virtue thereof a lump sum of $1,000 and a further sum of $180 as weekly compensation. Later, as defendant alleged, he learned that the injury to his hand was much greater than had been stated by the association's physician, and he sought to have the original award increased on the ground of mistake in fixing the percentage of disability to his hand. This the board refused to do and the case was appealed in due form and time to the district court and tried on a submission of issues to the jury. The jury found that the percentage of loss of the use of defendant's left hand was 62 per cent. permanent, and that defendant did not know or have reason to know at the time of his compromise settlement, on September, 1926, that the use of his hand would be injured to a greater degree than 35 per cent. From the judgment so rendered, the association has appealed.

Pretermitting a discussion of several propositions upon which the plaintiff association bases its appeal, the vital question, we think, is whether the recovery awarded by the district court was barred by the compromise agreement with the association. As pertinent to this question, it appears without dispute that the following instrument was presented to the Industrial Accident Board on September 18, 1926, to wit:

"Industrial Accident Board

"Received September 18, 1926

"State of Texas.

"Whereas, the nature, extent and duration of said injury is uncertain and indefinite or incapable of being satisfactorily established, and is made apparent from the following:

"Nine weeks comp. paid at rate $20.00 per

week. And, whereas, there is hereto attached in support of the doubtful liability or extent of injury affidavits of the following persons, viz.:

"It is therefore mutually agreed by the undersigned that the provisions of section 12, part II of the Employers' Liability Act, which relates to compromise settlements, has appropriate application to this claim for compensation under the Employers' Liability Act, and the same is hereby applied by the undersigned agreeing to compromise and settle said claim for the sum of $1000.00 in addition to amount heretofore paid.

"It is further mutually agreed that this compromise settlement is made subject to the approval of the Industrial Accident Board, and that when said approval has been given and the said sum of $——— has been paid by said Texas Employers' Insurance Assn. Ernest Lee, that the same will have been fully consummated and the compensation under the Employers' Liability Act will have been fully and finally compromised, settled and satisfied.

"Witness our hands at Wichita Falls, Texas, on this 9 day of September, 1926.

"[Signed] Ernest Lee
"Texas Employers' Ins. Ass'n,
"By C. B. Rowan."

A few days thereafter, the terms of the settlement were presented to the Industrial Accident Board and by it approved on September 29, 1926, as appears from the following instrument:

"Compromise Settlement Receipt.
"Industrial Accident Board,
"Austin, Texas.

"Notice: This receipt shall be executed in triplicate, one copy of which shall be kept by the employee, one copy by the insurance company, and one copy immediately filed with the Industrial Accident Board. Each space in receipt must be completely filled out and correctly dated at time of execution. Failure to observe above instructions will result in return of this receipt.

"Received of Texas Employers Insurance Association, insurer for Wichita Falls Window Glass Company, of Wichita Falls, Texas, the sum of 1000 dollars and 00 cents, which amount, together with weekly compensation heretofore made to me by said Texas Employers Insurance Association, aggregate the sum of 1180 dollars and 00 cents, and it having been previously agreed by the interested parties, and approved by the Industrial Accident Board, that said sum of $1000 would fully redeem the liability of Texas Employers Insurance Association for and on account of all injuries received by me on or about the 1st day of July, 1926, while in the employ of the Wichita Falls Window Glass Company, the undersigned hereby confesses that the liability of the said Texas Employers Insurance Association has been fully redeemed

by the payment of said total sum in accordance with the provisions of sec. 12 Part 2 of the Employers' Liability Act.

"[Signed] Ernest Lee
"rt. 3 Wichita Falls, Texas

"Dated 21 day of September, 1926.

"Approved:

"———.

"Industrial Accident Board
"Received Sep. 29, 1926."

There is nothing in the evidence or the proceedings to show that there was any artifice, fraud, or deceit practiced by the association's physician, or any other person in its behalf, to induce the execution of the instruments we have quoted, which we think clearly establishes the fact that at the time of the settlement the defendant's injury was uncertain and indefinite or incapable of being satisfactorily established, and we are unable to distinguish this case from the case of Lumbermen's Reciprocal Ass'n v. Day, 17 S. W.(2d) 1043, 1044. In the opinion in that case, by the Commission of Appeals, approved by the Supreme Court, it was held that: "Under the Workmen's Compensation Act a compromise settlement made between an injured man and the compensation insurance company duly approved by the Industrial Accident Board, the money being paid, constitutes a bar to any further claim on his part for compensation, in the absence of the showing of fraud, accident or mistake and where such a claim has been duly compromised and settled, with the approval of the Board, the injured claimant is not entitled to recover additional compensation on the sole ground of a showing of a change in his condition after the compromise settlement."

We also quote the following from the same case: "In Texas Employers' Insurance Association v. Ezell (Tex. Com. App.) 14 S.W. (2d) 1018, in speaking of the power of the parties to make an agreement and settlement of their differences, it is said: 'There is nothing in the compensation statute * * * to prevent the parties in making any compromise and settlement of the suit they may choose to make.' In re McCarthy, 226 Mass. 444, 115 N. E. 764, wherein the facts are very similar to those in this case, under a like provision of the law, the Supreme Court of Massachusetts held that a settlement on a lump sum basis, by way of a compromise, between the compensation insurance company and the injured employé, was a complete bar to any further claim on the part of the employé for injuries from the accident in question, even though the effects thereof developed after the settlement, and were unknown at the time of the settlement. The section of the act making provision for the approval of compromise settlement presupposes an uncertainty either as to the liability of the insurance company or the extent or nature of the injury to the employé."

In view of the authorities referred to and quoted, we conclude that regardless of other questions presented, the judgment below must be reversed and here rendered for plaintiff in error.