THOMAS BROWN, RESPODENT, v. CORN PRODUCTS REFINING COMPANY ET AL., APPELLANTS.—55 S. W. (2d) 706.

Kansas City Court of Appeals. November 21, 1932.

*Richard R. Greenlee* and *Bredehoft & Goldsmith* for respondent.

*Morrison, Nugent, Wylder & Berger* and *Douglas Stripp* for appellants.

BOYER, C.—This action was begun before the Workmen's Compensation Commission by Thomas Brown, employee, against Corn Products Refining Company, his employer, and the Standard Surety and Casualty Company, the insurer. By agreement of the parties, and upon approval of the commission in a manner hereinafter described, settlement was effected upon payment of a lump sum. More than ten months thereafter respondent filed an application with the compensation commission for a review on the ground of a change in condition. The commission entertained this application and gave notice of hearing, at which time the appellants presented written objections to any assumption of jurisdiction by the commission and objected to a rehearing and a review of the case. One of the grounds of said objections was that there had been a compromise and settlement in accordance with the provisions of the compensation law and that said settlement was for all liability and was final and binding. The commission proceeded with the case and after repeated hearings found a change in the employee's condition for the worse and made an award of $12 per week for 285 weeks, which, together with the amount previously paid, was the maximum amount payable for temporary total disability. On appeal to the circuit court and presentation of the case on the record the court found the evidence supported the award of the commission. The judgment affirmed the award for 285 weeks at $12.80 per week, or in a total sum of $3648. An appeal has been duly prosecuted to this court.

Appellants contend that the trial court erred in its judgment because the Workmen's Compensation Commission was without jurisdiction, and that it acted without or in excess of its powers because the rights of the respondent had theretofore been fully, finally, and bindingly compromised and settled. It is also contended that the court erred because the facts found by the commission do not support the award. Respondent contends to the contrary.

The chief point of controversy between the parties and the main one for settlement on this appeal is whether under the facts disclosed by the record there was a valid compromise and settlement as contemplated by section 3333, Revised Statutes Missouri 1929, or whether the facts are such as to authorize the commission to rehear and review the case and make an additional award as contemplated by section 3340, Revised Statutes Missouri 1929.

The pertinent facts in evidence show that Thomas Brown was injured by the accident arising out of and in the course of his employment on September 23, 1929; that a temporary agreement was filed with the commission; that his employer, the Corn Products Refining Company, furnished medical aid and paid him weekly compensation until the last of January, 1930. In December, 1929, Brown filed a claim with the commission for compensation in which it was alleged that he had sustained a permanent disability on account of injuries to his spine, neck, shoulders and right arm, and other parts of his body. Appellants filed answer denying that the injury was permanent in character and the case was set for hearing, after due notice, on January 30, 1930. At that time the parties jointly requested approval by the commission of a "lump sum settlement," which request was approved on January 31, 1930, and the sum agreed upon was paid. Following that date and on February 8, 1930, one of the commissioners entered in the case what is designated an Award on Agreement. A final report and receipt for compensation dated January 29, 1930, showing full payment according to the settlement was filed with the commission. The date of its filing is not shown. The meaning and effect of the three documents referred to are in dispute and we think it better to set them out in full. They are as follows:

"Request for Lump Sum Settlement.

Accident No. D-70782

1. Employer's name: Corn Products Refining Company.
2. Address: North Kansas City, Missouri.
3. Employee's name: Thomas Brown.
4. Address: 64 North 10th, Kansas City, Mo.
5. Insurer's name: Standard Surety & Casualty Co.
6. Address: Eighty John St., New York City.
7. Date of accident: September 24, 1929.
8. Place: North Kansas City, Mo.
9. Date of termination of temporary disability, or probable duration: About January 26, 1930.
10. Nature of disability, and if death, give date: Fracture of lamina of 3rd dorsal vertebrae.
11. Compensation period 17 and 3/7 weeks.
12. Weekly compensation payments, $12.80.
13. Compensation paid to date and due date of last payment $223.08 to January 26, 1930.
14. Additional lump sum desired to be paid, $1,250.00 in lump sum.
15. What part of future liability does lump sum cover all of future liability.
16. Names, addresses and ages of persons to whom lump sum is

to be paid and amount payable to each: Thomas Brown, 64 North 10th, Kansas City, Kansas.

17. Other special facts _____

18. Request is hereby made that the compensation due for the above accident be commuted and redeemed by the payment of a lump sum to be fixed by the Commission in accordance with the foregoing statements and as provided in the Missouri Workmen's Compensation Act.

19. The following are the reasons for said request: Employee and claimant has proposition for a chicken ranch and wishes to use the money for the purpose of purchasing the ranch. It cannot be purchased except by use of a lump sum.

20. Date of this request, January 29, 1930.

21. Request made by Thomas Brown.

22. Address, 64 North 10th, Kansas City.

23. Corn Products Refining Co.

24. By Standard Surety & Cas. Co.

25. By E. F. Walker.

26. Address_____

27. Witness: H. W. Buck.

Approved by the Missouri Workmen's Compensation Commission this 31st day of Jan., 1930.

ORIN H. SHAW,<br>
Secretary.''

''AWARD ON AGREEMENT.

Accident No. D-70782.

Before the Missouri Workmen's Compensation Commission, Jefferson City, Missouri.

Employee: Thomas Brown.

Employer: Corn Products Refining Company.

Insurer: Standard Products Refining Company.

Date of Accident: September 23, 1929.

Place and County of Accident: North Kansas City.

Clay County, Missouri.

Date of Agreement: January 31, 1930.

The above parties having submitted their disagreement or claim for compensation for the above accident to the undersigned Member of the Missouri Workmen's Compensation Commission, and after hearing the parties at issue, their representatives, witnesses and evidence, the undersigned finds and awards compensation for said accident in favor of the above employee and against the above employer and insurer as provided in the Missouri Workmen's Compensation Act, as follows:

''For Medical Aid, the sum of $98.00.

For permanent partial disability, the sum of $12.50 per week for 115 weeks.

For a lump sum of $_____ each of said payments to begin all compensation and medical paid and to be payable and be subject to modification and review as provided in said Act.

60 weeks for neck and back and 55 weeks for right arm; making a total of 115 weeks.

All compensation and medical has been paid as per agreement.

Given at the City of Jefferson City, State of Missouri, this 8th day of February, 1930.

ORIN H. SHAW,<br>Member, Missouri Workmen's<br>Compensation Commission.''

"State of Missouri, Missouri Workmen's Compensation Commission, Jefferson City, Missouri.

Accident No. D-70782.

Final Report and Receipt for Compensation (To be sent in as soon as all compensation is paid.)

"NO FINAL RECEIPT is necessary if accident is not compensable. It is required in all other cases. Employer or insurer must insert cost of medical aid in answer to Question 3 and all blanks must be filled in before it is signed.

"The EMPLOYEE (or dependent) SHOULD NOT SIGN this Receipt if he has not been paid in full for the injury, if he is still unable to work or earn as much as before the accident, or if there is any misstatement of his injury or other fact on this Receipt. Every permanent injury to any part of his body should be stated in the answer to Question 10.

"ALL QUESTIONS MUST BE ANSWERED<br>"READ BEFORE YOU SIGN.

"1. Employee—Thomas Brown.

"2. Date of accident 9-23-1929.

"3. Cost of medical aid, $98.00.

"4. Disability began 9-24-1929.

"5. Ended 1-26-1930.

"6. Total weeks of compensation 115.

"7. Average weekly wages, $19.20.

"8. Present daily wage, $3.20.

"9. Agreed rate of compensation, $12.80.

"10. Nature of disability fracture of lamina of 3rd dorsal vertebrae.

"11. Received of Corn Products Refining Company the sum of Twelve Hundred Fifty and no/100 dollars ($1,250.00) making, with payments previously received, a total of Fourteen Hundred Seventy-three and 08/100 Dollars ($1,473.08) in consideration whereof the

said employee (or his dependent) hereby releases and discharges Corn Products Refining Company from all liability under the Missouri Workmen's Compensation Act by reason of said accident, subject to review as provided in said Act.

"12. $1,250.00 lump sum settlement in addition to $223.08 already paid, subject to approval by the Commission.

"13. Dated January 29, 1930.

"14. Witness H. W. Buck.

"15. Employee's signature, Thomas Brown.

"16. Address, 64 North 10th, Kansas City, Mo.

"17. Employer or Insurer Standard Surety & Casualty Co.

"Doctor's report must be filed with this receipt unless it was sent in with Form 5."

The claimant was at all times represented by an attorney. The attorney and claimant sought and procured an agreement for final settlement by the terms of which the sum of $1,250 was to be paid at once in addition to previous payments. Before this agreement was reached medical examinations were made at the instance of both parties and the claimant had the benefit of independent medical examination and advice. The report of his doctor at the time of the settlement in January 1930, upon the condition of claimant, and in reference to his main injuries, shows that at that time the right arm had "improved right along" and in the opinion of the doctor would ultimately get well, and that his spine and the injured part thereof had improved and in his opinion would heal in time. According to claimant's testimony his attorney reported to him "that he had a chance to settle for $1,250, lump settlement." His testimony further shows that he fully understood the terms of the agreement, that he voluntarily made the agreement, and that the settlement was satisfactory to him at the time. There are other admissions that he had made a settlement. There are many things in the record indicating that the parties and the Commissioner understood at the time a final settlement was being made. At one place upon examination by the Commissioner, the following appears: "Mr. Brown you remember being here January 31, 1930, at the time when we entered into a final agreement in your case? A. Yes, sir. Q. At that time the reason you wanted all this compensation at the time was you were going to buy a small farm or chicken farm, is that right? A. Yes. Q. Now after they paid you this compensation, the balance due you which was $1,250 did you go down and buy this farm. A. No, sir. Q. What did you do after that date? A. Well I went from here, I went home and packed up and the next day I left for Illinois . . ." Plaintiff's present attorneys did not represent him at the time of the settlement.

It appears that after claimant left Missouri he was sick on different occasions with pneumonia and there is considerable irrelevant inquiry

in the record as to what he did with his money. At any rate, it appears that about the time he filed his application for a review his funds were exhausted. On a date not shown, claimant wrote a letter to the Commissioner who handled his case in which it was stated that claimant had paid his lawyer $150, and $150 more to someone who his lawyer said "had quite a bit of influence to put this case through." This letter apparently has been a spur to the action of the commission and occasioned sharp inquiry on the part of the Commissioner at subsequent hearings. Upon examination of the claimant by the Commissioner it developed, according to his testimony, that his attorney reported to him that he had to have $150 additional in order to get the $1,250, and the purport of the evidence is that said sum was to be used for "influence." "By the Commissioner: Mr. Brown at the time you made this settlement you made this before me didn't you when they paid you $1,250? A. Yes, sir. Q. And your wife was with you? A. Yes. Q. The settlement was satisfactory to you at the time? A. Yes. Q. You didn't say anything to me about this stuff then? A. No, sir." The "wife" above referred to was one Lillian Brown who at times was housekeeper for claimant and who said that she was his wife, which Brown denied. He had a wife and children in Illinois from whom he had been separated for six or seven years. The "wife" testifying on examination by the Commissioner made answer to these questions: "Q. Are you the wife of the claimant here? A. Yes. Q. You were up here back sometime in January, 1930, when we made the final settlement of this case? A. Yes, I was here. Q. We approved the settlement on your husband's request and it was satisfactory at that time? A. Yes."

The foregoing and other instances in the record clearly demonstrate that the intent and purpose of the parties and their mutual agreement was to compromise and to make a final settlement of the liability of the employer, and that the Commissioner so understood it at the time. These matters are an aid to the correct interpretation of the "Request for Lump Sum Settlement," the "Award on Agreement," and the "Final Report and Receipt for Compensation." Evidently these papers were all executed on forms prepared by the commission for use in varying circumstances. They were used in this case to carry out the agreement of the parties for a final settlement. The Request for Lump Sum Settlement appears in the form of questions and answers and is prepared upon a blank which may also be used when a request is made for a commuted settlement. The request in this case was not for the commuted value of compensation allowed by the commission. It was an application for the approval of the commission of an agreement which the parties had reached for final settlement. It is plain and explicit in its terms, and in view of the testimony there can be no doubt as to its meaning. The parties had agreed that

upon the payment of an additional sum of $1,250 all liability of the employer was to be settled and discharged, and the reason from the standpoint of claimant for requesting such settlement is set forth. This agreement was approved and the approval endorsed upon the request. The money was paid and the final receipt therefor was filed. The receipt was likewise made upon a blank form furnished by the commission containing questions and certain printed recitals. Under paragraph 11 thereof the full payments made are recited and then the following: "In consideration whereof the said employee (or his dependent) hereby releases and discharges Corn Products Refining Company from all liability under the Missouri Workmen's Compensation Act by reason of said accident, subject to review as provided in said Act." The concluding words are urged by respondent as being indicative of a purpose to make a receipt for payments under an award by the commission which was subject to review. These words were no doubt contained in the printed matter of the blank form which was designed for use under other circumstances. They could have no effect in this case if an agreement for a compromise settlement was in fact made with the approval of the commission; and that is exactly the result accomplished in this case. Upon the conceded facts and the record before us it may be declared as a matter of law that the parties did voluntarily enter into a compromise settlement contemplated by Section 3333, Revised Statutes of Missouri 1929, and that they did not make settlement under an award subject to review by the commission. Claimant was a free agent, competent to contract, and upon legal and medical advice reached his own conclusion and made the agreement with the employer and the insurer which was approved by the commission and fully executed. There is not the semblance of any suggestion that the contract of settlement was not voluntary or was not fully understood, and it is evident that the employer and insurer entered into the compromise settlement and executed same in good faith. But this is not a proceeding to set aside the agreement and a consideration of grounds for such an action is not involved.

The section of the statute authorizing voluntary settlements is as follows:

"Sec. 3333. Nothing in this chapter shall be construed as preventing the parties to claims hereunder from entering into voluntary agreements in settlement thereof, but no agreement by an employee or his dependents to waive his rights under this chapter shall be valid, nor shall any agreement of settlement or compromise of any dispute or claim for compensation under this chapter be valid until approved by the commission, nor shall the commission approve any settlement which is not in accordance with the rights of the parties as given in this chapter. No such agreement shall be valid unless made after seven days from the date of the injury or death."

In our view there is no escape from the conclusion that the parties acted pursuant to the foregoing section and accomplished a compromise in accordance with its terms. Such being the case an approved settlement of this character is not subject to review on the grounds of a change in condition provided for in Section 3340, Revised Statutes of Missouri 1929. Otherwise Section 3333 would be meaningless, ineffective, and would be nothing but a futile delusion. There would be no finality to any compromise settlement. The contrary intention is manifest. The section providing for a compromise settlement is an integral part of the Workmen's Compensation Law and every part of the Act should be given effect. In accordance with the principle that the law favors a compromise, the Legislature intended to and did preserve to the parties in compensation cases their right to make voluntary agreements of settlement with the approval of the commission, and such a contract once made is just as inviolable as any other valid agreement. The integrity of valid contracts should not be impaired, and there is nothing in the compensation law or elsewhere to justify any action inimical to contractual rights.

Section 3340 above referred to and providing for a rehearing and review "ending, diminishing or increasing the compensation previously awarded" has no application to compromise settlements made under Section 3333. A rehearing and review contemplate the existence of continuing payments under an award or judgment of the commission previously made. Otherwise there would be nothing to end, diminish or increase. The review contemplated is a review of the action of the commission in determining contested issues between parties and does not apply to the actions of the parties themselves in reaching agreements under approval of the commission. The so-called award on agreement, made in this case after the compromise was reached, approved and executed, is not an award after hearing by the commission of contested issues authorized under other sections of the statute. It was merely a confirmation of the compromise already approved, and it recites that all compensation has been paid as per agreement. Further, an award on agreement was not called for in this case. The only appropriate action at any time after the request for settlement was an order approving or rejecting the compromise. The proposed compromise was approved and after such action any further order would appear superfluous.

The parties have not called to our attention any ruling by an appellate court of our State upon the particular question in hand. Authorities from other jurisdictions on somewhat similar questions sustain what we have said in reference to reviews permissible under our Section 3340, and hold that a valid compromise settlement is not reviewable and that such a settlement is a bar to any further award to the employee. [Olentine v. Calloway (Okla.), 295 Pac. 608; Young

v. Glynn (La.), 131 So. 51; Lumbermen's Reciprocal Assn. v. Day (Tex.), 17 S. W. (2d) 1043; Texas Employers' Ins. Assn. v. Lee (Tex.), 21 S. W. (2d) 56, and cases cited in said authorities.]

Respondent contends that there was no compromise, and bases his argument upon the assumption that there was an award of the commission in the usual acceptation of that term, and cites numerous authorities to sustain the contention that an "award" is subject to review under statutes containing provisions similar to the provisions of Section 3340. Said authorities are not applicable and claimant's case was not reviewable because, as we have said, there was a binding agreement and a final settlement under an approved compromise.

After the approval of the agreement of the parties the commission had no right to reopen the case and make an award of further compensation. We think the commission was in error in so doing and that the circuit court was without jurisdiction to affirm such an award. If the commission had jurisdiction, the evidence upon the question of a change of condition was sufficient to show a change for the worse and the trial court was justified in its finding that the evidence sustained the commission on that question. However, as we view this case the commission acted without or in excess of its powers, which action is designated in Section 3342, Revised Statutes of Missouri 1929, as a ground upon which an award may be reversed. The judgment of the trial court should be reversed and the case remanded with direction to enter judgment reversing the award of the commission. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment of the trial court is reversed and the case remanded with direction to enter judgment reversing the award of the commission. All concur.