STATE OF MISSOURI at the Relation of ELMO SAUNDERS, Relator, v. MISSOURI WORKMEN'S COMPENSATION COMMISSION, EVERT RICHARDSON, Chairman, ORIN ·H. SHAW and JAY J. JAMES, Members of the Missouri Workmen's Compensation Commission.—63 S. W. (2d) 67.

Court en Banc, August 23, 1933.

*John M. Langsdale* and *Roy Rucker* for relator.

*Roy McKittrick*, Attorney-General, and *Gilbert Lamb*, Assistant Attorney-General, for respondents.

*Williams, Nelson & English, Charles M. Howell* and *William H. Allen, amici curiae.*

GANTT, C. J.—Original proceeding in mandamus. Relator seeks to compel the Workmen's Compensation Commission to review an alleged award for compensation. The writ was waived. On return made by the commission to the petition as and for the writ, relator moved for judgment on the pleadings. The statutes herein considered are sections of Revised Statutes Missouri 1929.

On December 19, 1927, relator's left hip was dislocated while in the service of an employer. They were under the Compensation Act. The employer filed with the commission a written report of the accident. On January 3, 1928, relator, employer and insurer filed with the commission a "First Receipt and Temporary Agreement." It provided that the employer and insurer would furnish medical aid as provided in the act, pay relator $20 on December 20, 1927, and continue to pay him said sum per week for such time as provided in the act, or until the parties otherwise agreed. It also receipted for the first payment of $20.

It further provided that any difference between said weekly payments and the compensation which might be due under the act would be refunded on final agreement or award.

It further provided that the agreement was subject to the provisions of the act and that the payments might be modified as provided in the act.

It further provided that nothing in the agreement should be used as an admission against interest or of liability other than for the said weekly payments provided for in the act.

On March 17, 1928, relator signed a paper designated "Final Receipt for Compensation" in which it was stated that the disability began December 20, 1927, and ended March 4, 1928, and that the total weeks of compensation was 10⁶⁄₇ weeks. The receipt was received and approved by the commission on March 20, 1928. It follows:

"Received of Baker-Lockwood Mfg. Co. ........ dollars ($17.16) making with payments previously received, a total of two hundred seventeen & 16/100 dollars ($217.16), in consideration whereof the said employee (or his dependent) hereby releases and discharges Baker-Lockwood Mfg. Co., from all liability under the Missouri

Workmen's Compensation Act by reason of said accident, subject to review as provided in said act.''

On execution of said receipt and the payment of the $17.16 relator resumed employment with the employer and so continued until in September, 1930. On September 30, 1932, he filed with the commission an application for review on the ground of a change in condition. In the application he stated that after filing the ''Final Receipt for Compensation'' with the commission he gradually developed an ankylosis from said injury, and from September, 1930, was permanently disabled.

The commission refused to hear the application on the ground that it was without jurisdiction. It contends that the execution of said receipt by relator and the payment to him of $17.16, and the prior payment to him of $200 was a settlement of all liability under the act. In other words, it contends that relator and the employer agreed that all disability ended on March 4, 1928, and that relator made final settlement with the employer, as authorized by Section 3333, which section follows:

''Nothing in this chapter shall be construed as preventing the parties to claims hereunder from entering into voluntary agreements in settlement thereof, but no agreement by an employee or his dependents to waive his rights under this chapter shall be valid, nor shall any agreement of settlement or compromise of any dispute or claim for compensation under this chapter be valid until approved by the commission, nor shall the commission approve any settlement which is not in accordance with the rights of the parties as given in this chapter. No such agreement shall be valid unless made after seven days from the date of the injury or death.''

We do not think the ''Final Receipt for Compensation'' was a settlement under said section. It was ''subject to review as provided in said Act.'' Respondents contend that said words should not be considered in interpreting said receipt, citing Brown v. Corn Products Refining Co., 55 S. W. (2d) 706. In that case evidence was heard and the Court of Appeals ruled that the facts and circumstances in evidence conclusively showed that it was the intention of the employer and employee to make a final settlement; that the words ''subject to review as provided in said Act'' were mere printed matter of a form for receipt and that said words should not be considered as a part of the agreement.

In this case there are no facts and circumstances in evidence for consideration as an aid to a correct interpretation of the contract. We must determine the intention of the employer and relator from the contract as written. Indeed, the record tends to show that the ''Final Receipt for Compensation'' was approved on a mere examination by the commission. In this situation said words of limitation

must be considered as a part of the agreement as to the liability of the employer. If so, the settlement was "subject to review as provided in said Act."

Relator contends that the settlement was made subject to review under Section 3340, which follows:

"Upon its own motion or upon the application of any party in interest on the ground of a change in condition, the commission may at any time upon a rehearing after due notice to the parties interested review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter, and shall immediately send to the parties and the employer's insurer a copy of the award. No such review shall effect such award as regards any moneys paid."

In this connection relator argues that the approval of the receipt by the commission was in effect an award. Even so, it does not follow that a review of said award is authorized by this section. The words "any award" as used in the section do not include all awards made by the commission. If the approval of the receipt by the commission was in effect an award, the approval by the commission of a settlement under Section 3333 also would be in effect an award. It would not be contended that the words "any award" included an award under Section 3333, which authorizes a final settlement of all liability subject to the approval of the commission. Furthermore, the section contemplates awards of continuing payments of fixed amounts on issues pending before the commission. They may be ended, or the amounts may be either increased or diminished at any time during the period or periods fixed for the payments. It is a matter pending with the commission during said time. The contention is overruled.

However, on March 4, 1928, relator and the employer were of the opinion that the disability had ended. As yet the payments had been voluntary. On a change in condition, we think relator was authorized to make claim before the commission for additional compensation within the time fixed by Section 3337. It provides that "no proceedings for compensation under this chapter shall be maintained unless a claim therefor shall be filed with the commission within six months after the injury or death, or in case payments have been made on account of the injury or death, within six months from the date of the last payment." The provision for filing claims within six months from the date of the last payment has reference to voluntary payments or payments under a temporary agreement. It could refer only to such payments. If relator had filed a claim for additional compensation with the commission within said time, the settlement would have been subject to review on a hearing of said claim. He did not file such a claim within said time. Relator leans heavily

on Section 3374 which provides for a liberal construction of the provisions of the act. The section does not contemplate or authorize a misconstruction of the act.

It follows that the peremptory writ should be denied. It is so ordered. All concur.