Blanche La Tour as widow and dependent of George La. Tour deceased, and as Curatrix of Estate of George Edward La Tour, a minor dependent of George La Tour, deceased, Respondent, v. Green Foundry Company, Employer and Maryland Casualty Company, Insurer, Appellant.—93 S. W. (2d) 297.

St. Louis Court of Appeals. Opinion filed April 7, 1936.

*Jordan Clark* and *Luke & Cunliff* for respondent.

*Theo. J. Krauss* and *R. L. Swann* for employer and insurer.

McCULLEN, J.—This is an appeal by the employer and insurer from a judgment of the circuit court of the city of St. Louis affirming an award of the Workmen's Compensation Commission in favor of George La Tour, an employee, wherein the commission found that there had been a change for the worse in the employee's condition since a previous award, and that the employee was entitled to compensation for 16-3/7 weeks at $20 per week.

After the submission of the cause to this court, George La Tour, the employee, died. Thereafter, upon the suggestion of his death, the cause was revived in this court in favor of Blanche La Tour as his widow and dependent and as curatrix of the estate of George Edward La Tour, infant son of George La Tour, the deceased employee, and she was substituted in both such capacities as respondents in lieu of the said George La Tour, deceased, following which the cause was duly submitted to this court.

There is no suggestion that the death of George La Tour, which occurred on March 29, 1935, was in any wise connected with the in-

juries sustained by him on December 7, 1928, upon which his claim for additional compensation was based.

George La Tour, the above mentioned employee, was injured on December 7, 1928, while in the employ of the Green Foundry Company, referred to hereinafter as employer, when some hot iron spilled into his left shoe burning his left foot. Pursuant to a "Final Agreement and Report of Facts," signed by the employee and his attorney and the attorney for the employer and insurer, which was approved by Referee Albert I. Graf on September 27, 1929, an "Award on Agreement" was made by the commission on October 2, 1929, in favor of the employee for forty-five weeks compensation "for permanent partial disability for 30% loss of left foot at ankle," at $20 per week and for medical aid in accordance with said final agreement.

On October 5, 1929, a "Final Report and Receipt for Compensation" was filed with the commission showing, among other things, that the disability involved began December 8, 1928, and ended October 18, 1929, making a total of forty-five weeks of compensation.

The final report and receipt for compensation was dated September 30, 1929, and the employee acknowledged therein that he had received from the employer $274.29, which, with payments previously received by him made a total of $900, in consideration of which, as stated therein, he released and discharged the employer from all liability under the Workmen's Compensation Act by reason of said accident, "subject to review as provided in said act."

On December 12, 1931, the employee filed an application for rehearing and review on account of change in condition stated as follows:

"Left foot has developed an open sore that bleeds and is painful and disabling, and a greater permanent disability exists than 30% to the left foot and leg."

On December 28, 1931, a hearing was held before the referee on the last above mentioned application. At that hearing the employee gave testimony tending to show that since the "Award on Agreement" on October 2, 1929, his left foot had broken open again, and gave other testimony to the effect that his condition was getting worse instead of better; that subsequent to his injury he had returned to work on May 5, 1929, and earned $45 a week for five or six weeks, but that thereafter he was able to earn only about one-half of what he had formerly earned due to his inability to do the work.

At that hearing medical testimony was given on behalf of the employee by Dr. V. J. Meinhardt and on behalf of the employer and insurer by Dr. Carroll Smith.

On April 4, 1932, pursuant to a notice given by the commission to all parties, another hearing was held before the referee for the purpose of taking additional testimony. At this hearing, by agreement

of the parties, a report of Dr. Carroll Smith dated March 18, 1932, was introduced and made a part of the record. Dr. Smith's report was the only additional evidence introduced at this hearing.

On April 11, 1932, the full commission made an award finding that the employee had proved that the accident of December 7, 1928, had caused the change in his condition for the worse since the award on agreement was issued on October 2, 1929, and that as a result of said change, the employee was temporarily totally disabled nineteen weeks from November 23, 1931, to April 4, 1932 for which he was entitled to compensation at $20 per week, the employer to be given credit for $180 previously paid.

On May 13, 1932, in accordance with a stipulation by the parties, the commission corrected the last mentioned award by adding another week, making the award for twenty weeks from November 23, 1931, to April 11, 1932, subject to the same credit as before.

A second "Final Report and Receipt for Compensation" signed by the employee, dated May 16, 1932, was filed on May 19, 1932, in the office of the commission showing that with the payments previously received by the employee, he had been paid a total of $1300, representing sixty-five weeks of compensation.

On May 24, 1932, the employee filed another application for rehearing and review which was dated May 20, 1932, alleging a change in condition as follows:

"There is now a 65% permanent partial disability to the left foot. The open sore on the left great toe which Dr. Carroll Smith treated has again broken open and is causing total disability at the present time."

On June 23, 1932, pursuant to a notice to all the parties, a hearing was held on the last mentioned application. At that hearing the employee gave testimony which it is claimed showed his condition had become worse.

Dr. Carroll Smith testified at the hearing on June 23, 1932, on behalf of the employer and insurer, giving testimony which appellants claimed showed that there was no change in the employee's condition since the previous award. No award was made following the hearing of June 23, 1932, the commission holding the case open to see what might develop with respect to the condition of the employee's foot.

On January 14, 1933, pursuant to a notice to all parties, a hearing was held before Commissioner Orin H. Shaw. Before any testimony was taken, counsel for the employer and insurer objected to any further testimony in the case "until there is an award on the hearing which occurred on June 23, 1932," and on the further ground that the commission had no right on its own motion to set the case down for additional testimony. The objections were overruled by the commissioner, whereupon the employee gave testimony as to the number

of days he had lost from employment during the various months following his injury, showing a total of 94½ weeks from the date of the accident to the date of that hearing.

On January 24, 1933, the full commission made an award wherein it allowed additional compensation to the employee, making a finding of facts and rulings of law in connection therewith as follows:

"This case is again before the commission on employee's Application for Rehearing and Review which was filed on May 24, 1932, in which he requests additional compensation on account of a change in his condition for the worse since the Corrected Award on Hearing on Change of Condition dated May 15, 1932. We find from the evidence that the accident of December 7, 1928, has caused a change in employee's condition for the worse since the aforesaid award was issued. That as a result thereof, he was disabled as follows: May, 1932, 17 days; June, 10 days; July, 12 days; August, 7 days; September, 10 days; October, 11 days; November, 16 days; December, 20 days; and from January 1st to January 14th, 1933, 12 days, or a total of 16-3/7 weeks for which he is entitled to compensation at $20 per week."

Appellants assign as error, first, that the court erred in sustaining the commission's finding that there had been a change in the employee's condition for the worse; second, that the court erred in refusing to find that the payment of compensation for permanent partial disability was in lieu of all other compensation.

In the third and last assignment of error, appellants contend that the court erred in failing and refusing to find that the commission exceeded its authority by setting the case for additional testimony on its own motion without making an award on testimony presented at a previous hearing.

In the view which we take of this case, it is unnecessary to discuss the first two assignments of error. As to the third, we are of the opinion that the commission acted beyond its jurisdiction and exceeded its authority, not because it set the case down to hear additional testimony without making an award on the testimony given at the previous hearing, but because it clearly appears from the record that the "Award on Agreement" made October 2, 1929, by the commission wherein the employee was allowed forty-five weeks at $20 per week for permanent partial disability was based upon a voluntary agreement entered into by the parties and was not based upon a hearing before the commission in which there were contested issues. It was, therefore, not the kind of an award which would authorize a rehearing and review on change in condition under Section 3340, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 3340, p. 8273) upon which the employee based his application.

In State ex rel. Saunders v. Missouri Workmen's Compensation

Commission, 333 Mo. 691, 63 S. W. (2d) 67, our Supreme Court had before it an original proceeding in mandamus. The relator employee therein sought to compel the Workmen's Compensation Commission to review an alleged award of compensation which the commission had refused to hear upon the ground that it was without jurisdiction to hear the same.

In that case, shortly after the employee's injury, there was filed with the commission on January 3, 1928, a first receipt and temporary agreement which provided for certain payments to be made by the employer as compensation. It was also stated therein that the agreement was subject to the provisions of the compensation act and that the payments might be modified as provided in that act. Thereafter, a final receipt for compensation dated March 17, 1928, signed by Saunders, the employee, was filed with and approved by the commission. It showed that the disability began December 20, 1928, and ended March 4, 1928. On the execution of that receipt and the payment of the amount mentioned therein, the employee resumed work with the employer, continuing his work until September, 1930. On September 30, 1932, he filed with the commission an application for review on the ground of a change in condition, alleging that from September, 1930, he was permanently disabled.

The Supreme Court held that the final receipt for compensation, which contained the words "subject to review as provided in said act," was not such a settlement as to justify the commission in refusing to hear employee's application for further compensation. The Supreme Court distinguished the Saunders case, then before it, from the case of Brown v. Corn Products Refining Co. (Mo. App.), 55 S. W. (2d) 706, with respect to the effect of the words "subject to review as provided in said Act," and held that the record in the Saunders case showed that the final receipt for compensation therein had been approved on a mere examination by the commission, and said: "In this situation said words of limitation must be considered as a part of the agreement as to the liability of the employer. If so, the settlement was 'subject to review as provided in said act.'" The court held, however, that such a settlement was not subject to review under Section 3340, Revised Statutes of Missouri, 1929, which provides that the commission, upon its own motion or upon the application of any party on the ground of a change in condition, may at any time, upon a rehearing after due notice, review any award, and on such review make an award "ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter. . . ."

Answering the contention of the relator employee in the above Saunders case that the approval of the receipt by the commission was

in effect an award, the Supreme Court, referring to Section 3340, Revised Statutes of Missouri, 1929, said:

"Even so, it does not follow that a review of said award is authorized by this section. . . . Furthermore, the section contemplates awards of continuing payments of fixed amounts on issues pending before the commission. They may be ended or the amounts may be either increased or diminished at any time during the period or periods fixed for the payments." [State ex rel. Saunders v. Mo. Workmen's Compensation Commissioner, 333 Mo. 691, 696, 697, 63 S. W. (2d) 67, 69.]

The Supreme Court pointed out in the Saunders case that up to March 4, 1928, the payments made by the employer to the employee therein had been voluntary, and that while the employee was not entitled to a rehearing and review on the ground of change in condition under Section 3340, Revised Statutes of Missouri, 1929, he would have been entitled to make claim before the commission for additional compensation had he filed an application therefor within six months from the date of the last payment, as provided for in Section 3337, Revised Statutes of Missouri, 1929 (Mo. Stat. Anno., sec. 3337, p. 8269). In this connection, the court said: "The provision for filing claims within six months from the date of the last payment has reference to voluntary payments or payments under a temporary agreement."

In Brown v. Corn Products Refining Co., 227 Mo. App. 548, 55 S. W. (2d) 706, which was a proceeding begun before the Workmen's Compensation Commission, by agreement of the parties therein and the approval of the commission a settlement was effected upon the payment of a lump sum. More than ten months thereafter the employee filed an application with the commission for a review on the ground of a change in condition under Section 3340, Revised Statutes of Missouri, 1929. In that case the court said:

"Section 3340 above referred to and providing for a rehearing and review 'ending, diminishing or increasing the compensation previously awarded' has no application to compromise settlements made under section 3333. A rehearing and review contemplate the existence of continuing payments under an award or judgment of the commission previously made. Otherwise there would be nothing to end, diminish or increase. The review contemplated is a review of the action of the commission in determining contested issues between parties and does not apply to the actions of the parties themselves in reaching agreements under approval of the commission. The so-called award on agreement, made in this case after the compromise was reached, approved, and executed, is not an award after hearing by the commission of contested issues authorized under other sections of the statute." [Brown v. Corn Products Ref. Co., supra, l. c. 710.]

In that case the court held that the commission had no right to

reopen the case and make an award of further compensation, and that the circuit court was without jurisdiction to affirm such an award; that the commission having acted without or in excess of its powers, it was the duty of the appellate court to reverse the commission's decision and award under Section 3342, Revised Statutes of Missouri, 1929 (Mo. Stat. Anno., sec. 3342, p. 8275), which provides that the court on appeal may reverse an award of the commission upon the ground "That the commission acted without or in excess of its powers." [Brown v. Corn Products Refining Co., supra.]

In Burnham v. Keystone Service Co. (Mo. App.), 77 S. W. (2d) 848, a voluntary compromise final settlement entered into by the parties to a proceeding before the Workmen's Compensation Commission, which was approved by the commission, was held to be not subject to review and modification on change in condition of the injured employee notwithstanding a provision in the purported award to the effect that such agreement and such award were subject to modification and review as provided in the compensation act. In that case the court said:

"An award subject to review under section 3340 must be one made after hearing by the commission upon contested issues authorized under other sections of the statute. [Brown v. Corn Products Co., supra.] . . . The review contemplated by section 3340 is a review of the former action of the commission in determining contested issues, and does not apply to the actions of the parties themselves in reaching agreements under the approval of the commission. [Brown v. Corn Products Refining Co., supra. . . .]

"Moreover, a rehearing and review as provided by section 3340, ending, diminishing, or increasing compensation previously awarded, can have no application to compromise settlements under section 3333. . . ." [Burnham v. Keystone Service Co. (Mo. App.), 77 S. W. (2d) 848, 854.]

It clearly appears from the record in the case at bar that the award on agreement made on October 2, 1929, by the commission wherein the employee was allowed $20 per week for forty-five weeks for permanent partial disability was based upon a voluntary agreement entered into by the parties and approved by the commission on mere inspection thereof in accordance with the provisions of Section 3333, Revised Statutes of Missouri, 1929 (Mo. Stat. Anno., sec. 3333, p. 8267), and was not based upon a hearing before the commission upon contested issues.

It also appears from the record that the $900 received by the employee as compensation in accordance with the purported "Award on Agreement," which in turn was based upon the voluntary agreement of the parties, was for a period of forty-five weeks disability from December 8, 1928, to October 18, 1929. The record shows that the em-

ployee's first application for rehearing and review on change in condition was filed on December 12, 1931, which was more than three years after the employee sustained his injury and more than two years after the last payment of the above mentioned compensation was made, as well as more than two years after the period covered by such payment had passed.

The record, therefore, clearly shows that the commission was without any authority to entertain or to act upon the application for rehearing and review on change in condition filed by the employee on December 12, 1931, as well as on the application for rehearing and review filed by the employee on May 24, 1932. This for the reason that there had never been an award by the commission based upon a hearing before the commission, in which there were contested issues, prior to the filing of said applications for rehearing and review, which is the only kind of award subject to review under Section 3340, Revised Statutes of Missouri, 1929, on "change in condition." [State ex rel. Saunders v. Missouri Workmen's Compensation Comm., 333 Mo. 691, 63 S. W. (2d) 67; Brown v. Corn Products Ref. Co., 227 Mo. App. 548, 55 S. W. (2d) 706; Burnham v. Keystone Service Co. (Mo. App.), 77 S. W. (2d) 848.]

Furthermore, even if said applications could be treated as original applications to invoke the powers of the commission under other provisions of the Workmen's Compensation Law to award compensation, instead of applications for rehearing and review on change in condition, it would avail the employee nothing for the record shows that the commission had no jurisdiction or authority to act thereon because the applications were not filed within six months after the injury or within six months after the last payment had been made under the voluntary settlement as required by Section 3337, Revised Statutes of Missouri, 1929. [State ex rel. Saunders v. Mo. Workmen's Compensation Comm., 333 Mo. 691, 63 S. W. (2d) 67; Higgins v. Heine Boiler Co. et al., 328 Mo. 493, 41 S. W. (2d) 565, 575; Wheeler v. Mo. Pac. Ry. Co., 328 Mo. 888, 42 S. W. (2d) 579; Caldwell v. J. A. Kreis & Sons, 227 Mo. App. 127, 50 S. W. (2d) 728; Schrabauer v. Schneider Engraving Products, 224 Mo. App. 304, 312, 313, 25 S. W. (2d) 529, 532, 533.]

It appearing from the face of the record in this cause that the commission was without jurisdiction or power to entertain or pass upon the employee's application of May 24, 1932, its purported award based thereon must be held to be void. The circuit court erred as a matter of law in not reversing the final award of the commission of January 24, 1933, the only award from which an appeal was taken. The judgment of the circuit court affirming that award is, therefore, reversed and the cause is remanded to the circuit court with directions to enter a judgment reversing and setting aside that award up-

on the ground that "the commission acted without or in excess of its powers." [Sec. 3342, R. S. Mo. 1929 (Mo. Stat. Anno., sec. 3342, p. 8275.] *Hostetter, P. J.*, and *Becker, J.*, concur.