# OCTOBER, 1938.

IVA STARKS, APPELLANT, v. J. A. SCHAEFER CONSTRUCTION COMPANY AND SELDEN-BRECK CONSTRUCTION COMPANY, RESPONDENTS.—123 S. W. (2d) 579.

Kansas City Court of Appeals. December 5, 1938.

*John M. Langsdale* for appellant.

*Hogsett, Murray, Trippe, Depping & Houts* and *C. R. Westmoreland* for respondent, Selden-Breck Construction Company.

BLAND, J.—This is an appeal from the action of the trial court in affirming an award of the Workmen's Compensation Commission in favor of the Selden-Breck Construction Company and against the claimant, and dismissing claimant's appeal from the award of the Commission.

Claimant is the widow of Wm. J. Starks, who sustained a fatal accident on or about May 24, 1930, while doing excavating work on the Southwestern Bell Telephone Company Toll Building, in Kansas

City. The Southwestern Bell Telephone Company had entered into a general contract with the Selden-Breck Construction Company for the construction of said building. The J. A. Schaefer Construction Company entered into a contract with the Selden-Breck Construction Company to do the excavating work in connection with the construction of the building. The Union Indemnity Company carried full compensation coverage of the employees of the J. A. Schaefer Construction Company. Deceased was an employee of the last named company and left surviving him his widow, the claimant herein.

On October 16, 1930, claimant filed her claim for compensation with the Workmen's Compensation Commission against the J. A. Schaefer Construction Company and the Union Indemnity Company, its insurer. A hearing was had on November 18, 1930 before one of the commissioners and, on December 6, 1930 an award was made in favor of claimant, as a dependent of the employee, and against the Union Indemnity Company, insurer, for a total death benefit of $5772, payable in weekly installments of $19.24 for 300 weeks. Credit for $375 was given the employer and the insurer for payments made prior to the award.

The Union Indemnity Company paid the weekly installments of $19.24 as they matured and became due until December 23, 1932. On that date a total of $2597.40 had been paid claimant, leaving a balance due of $3174.60. Afterwards the Union Indemnity Company was declared insolvent and a demand was made by the claimant upon the J. A. Schaefer Construction Company for the unpaid balance of the death benefit and it declined to pay the same for the reason that it no longer had any assets and did not have any money with which to pay it.

No further action was taken before the Commission or on the award until March 1, 1933, when claimant filed a motion before the Commission entitled "Motion to change award against Employer, J. A. Schaefer Construction Company and Selden-Breck Construction Company, general Contractor." The motion asked that the award be changed so that the Selden-Breck Construction Company be made to pay the balance due on the award provided the J. A. Schaefer Construction Company did not pay it.

In its amended answer to the motion filed by claimant on March 1, 1933, the Selden-Breck Construction Company set up that the deceased was insured at the time of the accident by his immediate employer, the J. A. Schaefer Construction Company and a claim for compensation had been allowed against that company and its insurer, the Union Indemnity Company, and further stated that no claim for compensation had been filed against the Selden-Breck Construction Company, within six months from the date of the alleged accident, and that no compensation had been paid since said alleged accident.

Upon a hearing the Commission, upon July 15, 1933, made an award in favor of the Selden-Breck Construction Company upon the ground that the J. A. Schaefer Construction Company, the immediate employer of deceased, carried compensation insurance and stated that "our view in this matter is supported by the case of Langston v. Selden-Breck Construction Company, 37 S. W. (2d) 474," (225 Mo. App. 531).

Claimant appealed to the circuit court where the respondent, Selden-Breck Construction Company, filed a motion to dismiss the appeal. As before stated, the circuit court affirmed the award of the Compensation Commission and dismissed the appeal and claimant has appealed from the judgment of the circuit court.

It is insisted that the court court erred in affirming the award of the Commission made on July 15, 1933, for the reason that, under the statute, section 3308, Revised Statutes of Missouri, 1929, the Selden-Breck Construction Company became the statutory employer of the deceased and was, by law, made liable to pay compensation to his dependent. It is conceded that the Selden-Breck Construction Company was the general or principal contractor and that the J. A. Schaefer Construction Company, the employer of the deceased, was its subcontractor.

The provisions of the statute, section 3308, relating to the Workmen's Compensation Commission, read as follows:

"(a) Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

. . . . . .

"(c) The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor but such independent contractor shall be deemed to be the employer of the employee of his subcontractors and their subcontractors when employed on or about the premises where the principal contractor is doing work.

"(d) In all cases mentioned in the preceding subsections, the immediate contractor or subcontractor shall be liable as an employer of the employee of his subcontractors. All persons so liable may be made parties to the proceedings on the application of any party. The liability of the immediate employer shall be primary, and that of the others secondary in their order, and any compensation paid by those secondarily liable may be recovered from those primarily liable, with attorney's fees and expenses of the suit. Such recovery may be had on motion in the original proceedings. No such employer shall be liable as in this section provided, if the employee was insured by his immediate or any intermediate employer."

In Pruitt v. Harker, 328 Mo. 1200, 1207, the Supreme Court, in commenting upon section 3308, said: l. c. 1207:

"We do not think this construction of paragraph (a) of Section 3308, Revised Statutes 1929, conflicts with paragraph (d) of such section which makes the independent (immediate) contractor primarily liable and the person having the work done secondarily liable; and provides that the one secondarily liable who pays the liability may recover over from the one primarily liable. Said Subsection (d) provides: 'In all cases mentioned in the preceding subsections, the immediate contractor or subcontractor shall be liable as an employer of the employee of his subcontractors. All persons so liable may be made parties to the proceedings on the application of any party. The liability of the immediate employer shall be primary, and that of the others secondary in their order, and any compensation paid by those secondarily liable may be recovered from those primarily liable.' This gives the defendant here the right to recover over against William · Pruitt, the independent contractor, provided, of course, he is not exempt under other provisions of the act. It also provides that the employer (defendant) shall not be held liable if the employee (plaintiff) was insured by his immediate or intermediate employer (Pruitt). This provision plainly implies that the remote contractor (the person having the work done) may be compelled to pay the employee of the immediate, though independent, contractor, and the award shall be against such remote contractor, and gives him a right to recover back from such immediate contractor who is made primarily liable unless he is exempt by reason of being a minor employer. It also provides that the party primarily liable—the immediate employer—may be made a party to the proceeding which may in the first instance be against the party secondarily liable, that is, the person having the work done, and the judgment goes against such party and may go against both. *This subdivision (d) of Section* 3308 *does not attempt to fix the liability so far as the person injured is concerned,* as that is done by subdivision (a) of such section, but deals with the liability *inter sese* of the persons who are liable to the person injured. This subdivision not only accords with but plainly implies the construction which we have placed on Section 3308 (a). (Italics ours.)

At pages 1210, 1211, the court said: "If the party primarily liable (the independent contractor) carries insurance on his employees, then the party secondarily liable (defendant in this case) is discharged of liability. This merely requires the person having the work done to see to it that his independent contractor insures his employee." It is also held that, as between the statutory employer and the immediate employer, the liability of the former to the latter is primary. [Dietz v. So. Pac. Ry. Co. et al., 225 Mo. App. 35.]

It would appear that the last sentence of subsection (d) section 3308, reading: "No such employer shall be liable as in this section

provided, if the employe was insured by his immediate or any intermediate employer,'' is plain and unambiguous and, by its terms, clearly provides that when the immediate employer carries insurance upon an employee (as in this case) there is no liability upon the statutory employer.

It is true that the principal part of paragraph (d) of section 3308 deals with the liability *inter sese* of the persons liable to the person injured and does not effect the liability of the claimant against the statutory employer, but this is not entirely true of the last sentence of the paragraph in reference to insurance. This is plainly made apparent by what the Supreme Court said in the Pruitt case, l. c. 1210, 1211: ''If the party primarily liable (the independent contractor) carries insurance on his employees, then the party secondarily liable (defendant in this case) is discharged of liability. This merely requires the person having the work done to see to it that his independent contractor insures his employees.'' Owing to the fact that nowhere in the statute is there any liability put upon the statutory employer or the party secondarily liable, to reimburse the immediate employer or the person liable, it is apparent that the court in the Pruitt case did not intend to hold that the statutory employer would be liable to the immediate employer in case of insurance. So the court could have meant to say only that the statutory employer would be discharged from liability to the claimant or his dependent under such circumstances. This must be the proper construction of the opinion although, at one place in it, l. c. 1207, the court said that the paragraph dealt with the relationship of the various employers *inter sese*. While the last sentence of paragraph (d) relating to insurance deals with the employer *inter sese* it also deals with the statutory employer and the employee or his dependent as between themselves. It may not *fix* liability between the last mentioned persons but it certainly exempts the statutory employer from liability to the employee or his dependent when the immediate employer carries insurance. No other construction can be placed on the sentence in paragraph (d), relating to insurance, than that it is a limitation upon the liability of the statutory employer to the claimant or his dependent in case the immediate employer carries insurance. [See Langston v. Selden-Breck Construction Co., supra; Wors v. Tarlton, 95 S. W. (2d) 1199.] While, the case cited by the Commission (Langston v. Selden-Breck Construction Company, *supra*), was overruled in Wors v. Tarlton, *supra*, the latter mentioned case is no authority for the claimant. The case of Langston v. Selden-Breck Construction Company, *supra*, was one where the statutory employer was sued at common law on the theory that as it was exempt from liability to the claimant because the immediate employer carried insurance, it was a third person, within the meaning of section 3309. The court held in the Langston case that, where the statutory employer is relieved of liability by the

fact that the immediate employer carried insurance it, nevertheless, could be held liable as a third person. Wors v. Tarlton, *supra*, was also a common law action, seeking to hold the statutory employer as a third person where the immediate employer carried insurance. In that case that of Langston v. Selden-Breck Construction Company, *supra*, was overruled insofar as it held that the statutory employer was a third person, the court holding that the statutory employer therein was a party within the compensation act, notwithstanding it was not liable to the injured employee in view of the fact that the immediate employer carried insurance, the court holding, l. c. 1206:

"But though in a particular instance the immediate employer does carry insurance for the benefit of his employees so as to relieve the owner or remote contractor of all liability to such employees for compensation for injuries received by them upon his premises, it does not follow that the owner or remote contractor is thereby put outside of the pale of the act, with his status thereby changed from statutory employer to 'third person.' To so hold would be to penalize the owner or remote contractor for carrying out the very salutary and beneficial purpose for which the section was written into the act as we have already pointed out. To the contrary, he remains all the while within the act, and continues to occupy the status of statutory employer of the employee of his subcontractor, though excused and relieved from liability for compensation to such injured employees because of the fact that they are insured by their immediate employer.

"The important thing to bear in mind is that it is only subsection (a) of section 3308 which purports to fix the liability of the owner or remote contractor to the injured employees of his subcontractor, and that the only purpose served by subsection (d) is to fix and determine the liability *inter sese* of the several contracting persons who may themselves be liable to the injured employee. [Pruitt v. Harker, 338 Mo. 1200, 43 S. W. (2d) 769.] The latter subsection provides that in any event the liability of the immediate employer shall be primary, and that of the others secondary in order; that any compensation paid by one secondarily liable may be recovered by him from the one primarily liable; and, as we have already pointed out, that no such statutory employer shall be liable if the employee was insured by his immediate or intermediate employer. However, we repeat that such concluding provision does not serve to put the statutory employer outside the act in those instances where the immediate or any intermediate employer of the injured employee carries insurance, but he remains within the protection of the provisions, even though under certain circumstances he is relieved of all liability for compensation to the injured employee."

It will thus be seen that the court, in none of the cases cited, held that the statutory employer, where the immediate employer carried insurance, is liable to the employee of the immediate employer so that

the employee can recover from the statutory employer compensation before the Workmen's Compensation Commission, but stated to the contrary. It is quite apparent that the award of the compensation was a proper one.

However, there is another reason why the award should be affirmed. Assuming that the "Motion to change award against employers, J. A. Schaefer Construction Company and Selden-Breck Construction Company, general contractor," filed on March 1, 1933, is to be construed as equivalent to filing a claim against the Selden-Breck Construction Company, as is contended by the claimant, yet, it was not filed with the Commission within the time provided by section 3337 requiring that a claim "shall be filed within six months after the injury to or the death of the employee," or "in case payments have been made on account of the injury or death, within six months from the date of the last payment."

No voluntary payments were made by anyone within six months of March 1, 1933, the date that the claim was filed against the Selden-Breck Construction Company, although *involuntary* payments were made under the award of the Commission against the J. A. Schaefer Construction Company within that time. In State ex rel. v. Workmen's Compensation Commission, 333 Mo. 691, 697, the court said: "The provision for filing claims within six months from the date of the last payment has reference to voluntary payments or payments under a temporary agreement. It could refer only to such payments". [See, also, Ferguson v. Ozark Distributing Co., 93 S. W. (2d) 291; LaTour v. Green Foundry Co., 93 S. W. (2d) 297, 230 Mo. App. 1063; Dewey v. Union Elec. Light & Power Co., 83 S. W. (2d) 203, 207.]

We have examined the cases cited by claimant and find them not in point. In Whittington v. Gamble Construction Co., 86 S. W. (2d) 331, the payments were made voluntarily. In Pribbenow v. Meeker, 139 Kan. 325, the court did not discuss the question of the voluntary or involuntary character of the payments. If the case is to be construed as holding that involuntary payments are to be treated as payments made within six months of the filing of the claim, then it is in conflict with the case of State ex rel. v. Workmen's Compensation Commission, *supra*. In Lutz v. Long-Bell Lbr. Sales Corp. (La.), 153 So. 319, the court held that Cline, the immediate employer of claimant was a servant of the contractor and that, under such circumstances, the fact that more than one year had elapsed since the injury and prior to the institution of the suit against the contractor was no bar to the suit against the latter for the reason that, under the statute of Louisiana, Cline and the contractor were liable in solido, and that service of citation upon one of the parties (Cline) was sufficient as to both. We have no such statute in this State,

Insofar as it may be said that McLaughlin v. Industrial Accident Commission (Calif.), 260 Pac. 829, holds that involuntary payments

288

are to be counted in fixing the time when a claim may be filed, it is in conflict with the case of State ex rel. v. Workmen's Compensation Commission, *supra*.

While, the facts in the case last mentioned and the case at bar differ, we would not be justified in attempting to distinguish the two cases, in view of the positive statement of our Supreme Court when it said, in construing the statute: "The provision for filing claims within six months from the date of the last payment has reference to voluntary payments or payments under a temporary agreement. It could refer only to such payments."

The action of the court in affirming the award of the Commission and dismissing the appeal is inconsistent. However, the court had jurisdiction of the appeal and as the judgment affirming the award was proper, it is affirmed, but that part of the judgment dismissing the appeal is reversed. *Shain, P. J.*, concurs; *Kemp, J.*, not sitting.