EDGAR H. FERGUSON, RESPONDENT, v. OZARK DISTRIBUTING CO., APPELLANT.—93 S. W. (2d) 291.

Kansas City Court of Appeals. April 6, 1936.

*Reginald H. Glandon* and *Wallace Cooper* for respondent.

*R. D. Garver, H. A. Russell* and *Mayer, Conkling & Sprague* for appellant.

SPERRY, C.—Ferguson was injured while employed by Ozark Distributing Company and the Workmen's Compensation Commission made a final award of compensation to him on January 26, 1934, covering a period of disability ending February 19, 1934, which award was affirmed on appeal to the full commission by its order of March 17, 1934. This award was fully paid and no appeal taken therefrom. In July, 1934, after said final award had been paid, respondent filed application for review and rehearing of said final award under provisions of section 3340, Revised Statutes Missouri, 1929, on grounds of change in condition. In September, 1934, an amended application was filed. Hearing was had on said application and the commission made a temporary award thereon, which was paid, and in July, 1935, another hearing was had and in September, 1935, the commission sustained a motion of employer to dismiss for lack of jurisdiction. Employee appealed to circuit court where employer filed motion to dismiss appeal. The motion was overruled and the case remanded to the compensation commission for further proceedings. From this order the employer appeals.

The question involved here is whether or not the Workmen's Compensation Commission has the power, after it has made a final award and said final award has been fully paid, to reopen the matter upon a motion for rehearing filed under the provisions of section 3340, Revised Statutes Missouri, 1929. The fact that said award, when made, might be in the nature of a lump sum would make no difference in the question involved, provided that the period of time covered by said lump sum payment had elapsed prior to the filing of motion for rehearing.

This involves an interpretation of section 3340, Revised Statutes Missouri, 1929, and a determination of the power and authority conferred upon the Workmen's Compensation Commission in the matter of rehearings.

Section 3340 reads as follows, italics ours:

"Upon its own motion or upon the application of any party in interest on the ground of a change in condition, the commission *may at any time upon a rehearing* after due notice to the parties interested review any award and on such review may make an award *ending, diminishing or increasing* the compensation previously awarded, subject to the maximum or minimum provided in this chapter, and shall immediately send to the parties and the employer's insurer a copy of the award. No such review shall affect such award as regards any moneys paid."

Respondent contends that the words "at any time" are without limitation and that such an application for rehearing on change in condition may be filed a month, a year, or ten years after the final award has been made and paid. They urge a number of Oklahoma Supreme Court cases where the courts of that State have construed the statute of Oklahoma, which is practically identical with our section 3340, Revised Statutes Missouri, 1929. While the construction placed upon similar statutes by the courts of other states are persuasive in our jurisdiction, yet, if our own Supreme Court has definitely placed a different construction upon our statute, then we are bound to follow the construction placed by our Supreme Court.

Appellant has cited a number of Kansas cases construing a similar statute of the State of Kansas, but upon comparing the statute of Missouri with the Kansas statute, we find that statute carries specific words of limitation, as follows: "At any time *before but not after the final payment has been made*." Thus, decisions construing the Kansas statute are not even persuasive.

Respondent contends there is a conflict between the holdings of this court and those of the St. Louis Court of Appeals and that the Springfield Court of Appeals has held in harmony with this court. They cite Rue v. Eagle-Picher Co., 70 S. W. (2d) 124, a Springfield court case, and New Amsterdam Casualty Co. v. Richardson, 61 S. W. (2d) 409, a Kansas City Court of Appeals case. In the latter case it was said that it was not shown that a final award had been made prior to filing of motion for rehearing under section 3340, Revised Statutes Missouri, 1929. Furthermore, counsel in that case failed to cite, and the writer of the opinion failed to find, any Missouri appellate court opinion bearing on the point, and so stated. This case was decided May 22, 1933.

The identical issues and facts involved in the last mentioned case went to the St. Louis Court of Appeals and is reported under title of

Winschel v. Stix Baer Co., 77 S. W. (2d) 488. The holding there was the same as had been held by this court in the Richardson case, supra. However, the decision was probably influenced by the prior holding in the Richardson case. Thus it is true that all three of our courts of appeal at one time or another have held in harmony with position of respondent.

Whatever may have been the situation with reference to the construction of the question here involved in the past, the matter has been settled in an opinion written by Judge GANTT for the Supreme Court of Missouri, sitting en banc, in the case of State ex rel. Saunders v. Workmen's Compensation Commission, dated August 23, 1933, and reported in 333 Mo. 691, l. c. 697, where the court said:

"Relator contends that the settlement was made subject to review under section 3340. . . . Furthermore, the section contemplates awards of *continuing payments of fixed amounts on issues pending before the commission.* They may be *ended,* or the amounts may be either *increased or diminished at any time during the period or periods fixed for the payments.* It is a matter pending with the commission *during said time.* . . . Relator leans heavily on section 3374, which provides for a liberal construction of the provisions of the act. The section does not contemplate or authorize a misconstruction of the act."

Note this decision was after the rendition of the opinion in the New Amsterdam Casualty Company case, supra.

Since the above decision was handed down section 3340 has been construed to confer upon the commission the power to grant rehearing upon change in condition with the limitation that the commission can only end, diminish or increase awards previously made during the time that said matter was pending before the commission, and that after said award has been fully paid and the time covered by the award has elapsed, then the commission has lost control and jurisdiction of the case.

This court, as early as November 21, 1932, and prior to the date of the Saunders case in the Supreme Court, in the case of Brown v. Corn Products Refining Company, 55 S. W. (2d) 706, 227 Mo. App. 548, l. c. 556, said:

"Section 3340, above referred to and providing for a rehearing and review 'ending, diminishing or increasing the compensation previously awarded' has no application to compromise settlements made under section 3333. A *rehearing* and *review* contemplate the existence of *continuing* payments under an award or judgment of the commission *previously* made. Otherwise there would be nothing to *end, diminish* or *increase.* . . ."

While this case merely determined that the particular action there involved was based on section 3333, and that a compromise between

the employer and the employee made in good faith was not subject to review under any circumstances, yet it was necessary for the court to define and interpret section 3340, in order to demonstrate that the action before it could not be affected by the provisions of section 3340.

This court, within a few months after the Supreme Court laid down the rule for guidance in this State in the Saunders case, supra, definitely brought its decisions within the Saunders case.

In the case of Bruce v. Missouri-Kansas-Texas R. Company, 73 S. W. (2d) 427, Judge TRIMBLE, speaking for the court, and having in mind the Saunders case, said, page 428, paragraph 6:

"But appellant cites the Saunders case hereinabove mentioned . . . and says that, under it, plaintiff, in the case at bar, has not filed his claim for additional compensation based on a change in condition within the time fixed by section 3337, namely, 'within six months from the date of the last payment.' If the facts in the case at bar are, as appellant employer claims 'identical with those in the Saunders case,' then, of course, the injured employee (plaintiff) is not entitled to the claim he seeks, not having applied therefor within the required time.

"But the facts herein are not the same as in the Saunders case."

And continuing in the same case on page 429:

"Now, in the Saunders case, supra, Judge GANTT says of section 3340, Revised Statutes Missouri 1929, that it 'contemplates awards of continuing payments of fixed amounts on issues pending before the commission. . . . It *is a matter pending with the commission during said time.*" (Italics are those of Judge TRIMBLE'S.)

And then he continued in the same paragraph:

"In other words, when the commission fixed the award at $20 per week for 200 weeks which term ended on March 1, 1931, that fixed the time for *jurisdictional purposes* when the 'last payment' would be made." (Italics are those of Judge TRIMBLE'S.)

The case mentioned in the preceding paragraph was followed by another in the Kansas City Court of Appeals, Burnham v. Keystone Service Company, 77 S. W. (2d) 848, l. c. 854, in which case Commissioner (now Judge) REYNOLDS, speaking for the court, said:

"A rehearing and review contemplate the existence of continuing payments under a former award of the commission. Under the settlement in the case at bar, of December 28, 1931, there are no continuing payments provided. The purported award itself says that all compensation due thereunder had been paid at the time it was made; thus a further reason is furnished why such settlement when approved was final and nothing remained to be reviewed or modified. [Brown v. Corn Products Refining Co., supra.]"

Thus, it will be seen that this court specifically followed the rule of the Supreme Court as laid down in the Saunders case, supra, both

in the case of Bruce v. M. K. & T. R. Co., and the case of Burnham v. Keystone Service Company, both reported after the Saunders case.

The St. Louis Court of Appeals in two decisions recently reported, to-wit, Miller v. William C. Johnson & Sons Machinery Company, 83 S. W. (2d) 144, decided June 4, 1935, and Dewey v. Union Electric Light & Power Company, 83 S. W. (2d) 203, also decided June 4, 1935, definitely harmonized their decisions with those of the Supreme Court in the Saunders case when the court, speaking through Commissioner BENNICK, page 206, in the last mentioned case, said:

"In providing that upon proof of a change in condition the commission may end, diminish, or increase the compensation previously awarded, the section necessarily contemplates awards of continuing payments of fixed amounts of compensation on issues pending before the commission, so that, to be subject to review under section 3340, the award must have been rendered by the commission in the determination of contested issues between, and not by agreement of, the parties; and, if the award is of the character which permits it to be reviewed, then the proceeding for review may be had at any time during the period or periods fixed for the payments, during which time the matter may be said to be pending with the commission."

He also cites the Saunders case; Brown v. Corn Products Refining Company case, and the case of Bruce v. M. K. & T. R. Co., all previously reviewed in this opinion.

It might be said that since this application for review and rehearing upon change in condition was filed within six months after the final award had been allowed and paid, that the commission had authority to act under provisions of section 3337, but this point is foreclosed in the Saunders case, supra, in which Judge GANTT said, 333 Mo. l. c. 697:

"The provision for filing claims within six months from the date of the last payment has reference to *voluntary payments or payments under a temporary agreement.* It could refer *only* to such payments."

There is one other technical point not seriously urged in respondent's brief and not orally argued, a determination of which could not affect the rights of respondent for since the commission was without jurisdiction to render the award, it necessarily follows that any writ of execution for the collection of same would be quashed. [Dewey v. Union Electric Light & Power Company, 83 S. W. (2d) 203.]

It follows that since the commission was, and is, without jurisdiction to make any award in this case, the appeal from its order refusing an award for lack of jurisdiction should have been dismissed and motion to dismiss same filed in the circuit court should have been sustained by the circuit court.

535

The judgment of the circuit court is reversed. *Campbell, C.*, concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment of the circuit court is reversed. All concur.