EZRA LEWIS, RESPONDENT, v. KANSAS EXPLORATIONS, INC., APPELLANT. —187 S. W. (2d) 524.

Springfield Court of Appeals.  May 2, 1945.

*Paul E. Bradley* and *George W. Wise* for appellants.

*Norman & Foulke* for respondent.

FULBRIGHT, P. J.—This is an appeal from a judgment of Division Number Two of the Circuit Court of Jasper County reversing an award of the Workmen's Compensation Commission and remanding the cause for further consideration.

On February 11, 1943, Ezra Lewis filed his claim for compensation against the Kansas Explorations, Inc., his employer, alleging that he was injured in employer's mine on December 24, 1942, while loading cans; that two empty cans were knocked against him catching him

between said cans and the wall, whereby his back, spine and chest were badly injured, contused and vital internal organs injured.

Employer, Kansas Explorations, Inc. (self insurer) filed its answer February 15, 1943, denying any liability after payment of compensation, the last payment of which was on January 26, 1943. On March 8, 1943, the Commission set the case down for hearing in Joplin on March 23, 1943, at 1:00 o'clock P. M. and mailed a copy of said notice to each of the parties. Among other things the notice stated: "All parties are requested to introduce all their evidence at the first hearing, as our policy will be not to grant the taking of additional testimony on review except in extreme cases." Hearing was had pursuant to the notice. It was admitted that the parties were subject to the Compensation Act; that claimant was an employee of Kansas Explorations, Inc., at the time of the accident; that employer had due notice of the accident and that the claim was timely filed. It was admitted by employee that the maximum compensation rate was $20 per week; that he had been paid for four weeks aggregating $80 and had been furnished medical attention.

Employee, the only witness in his own behalf, testified that he was fifty-two years old, had been a miner about fifteen years and at the time of the accident was engaged as a pumper, that is, when loaded cans were pulled from the underground drifts to the bottom of the shaft he would push them to the shaft as necessary to be hoisted out and would push the empty cans away from the bottom of the shaft. The empty cans weighed about 200 lbs., were made of steel, were about four and one-half feet tall and two and one-half feet across at the top and rested on a flat platform-four-wheel car which was about a foot high. At the time of the accident employee had started out with a load of empty cans when a motor train came in, hit them and pushed him over against the wall; that both cans hit him. After sitting down for about an hour he continued working until noon. He further testified that prior to the accident he had never had any trouble with his chest. He went to Dr. Myers who treated him two or three weeks, two or three times a week. He stated that he had no broken bones. Prior to the accident he didn't have a cough or pains in the chest, but since that time he had pains in the chest constantly and he couldn't sleep at night. After he had been off four or five weeks he went down to the mine, worked about an hour and had to come out; that he started coughing and couldn't get his breath; that after another week he went back, worked 3 and one-half days and they put him on a hard job and he quit.

Employer introduced the report of Dr. Roy E. Myers, who had treated employee on behalf of employer, which was admitted without objection. This report concluded as follows: "We see no reason from the physical examination, X-ray or electrocardiographic examinations why this man should not be able to work."

Thereupon, Mr. Norman, attorney for claimant, stated: "I think in view of Dr. Myers' statement about this man's condition that the lungs shows some scarred tissue and from the testimony of this man he ought to be sent to a lung expert."

"By the Referee: Let the record show that it is argued that the employee will immediately report to Dr. Jesse Douglas of Jasper County, Webb City, Missouri, and a copy of the findings of Dr. Douglas to be reduced to writing and a copy furnished for the Commission, to be treated as evidence in this case as well as a copy for the employer and employee, making three copies in all."

Thereafter Dr. Douglas made his report and the same was made a part of the record in accordance with the agreement. The report concludes as follows:

"Opinion: My chest examination discloses no disease of the lungs, nor is there any evidence of any injury to the lungs, or to the bony chest cage. From this examination I must conclude that this man has no disability arising from a lung disease or a lung injury."

On the 17th day of April, 1943, the Referee made the following award: "I find from all the evidence that the employee herein sustained an accidental injury on December 24, 1942, which arose out of and in the course of employment, as alleged, but said injury was not of a permanent nature and he has been fully compensated for any and all disability sustained. Additional compensation, therefore, is accordingly denied."

It will be observed that employee, through his attorney, also received a copy of the report made by Dr. Douglas and on the 15th day of April, 1943, mailed a letter to the Workmen's Compensation Commission at Jefferson City, stating in part as follows: "Gentlemen: As Judge Kinder will remember, this man was sent to Dr. Douglas of the Jasper County T. B. Hospital to determine whether or not his injury had caused a latent tubercular condition to become active. Dr. Douglas examined him and found that he does not have a tubercular condition.

"I have had him examined by other doctors and find that he has a lung condition that they tell me was caused by the accident, and that, for that reason, I would like to have his case set at Joplin to take additional medical testimony on behalf of the employee."

On the 17th day of April, 1943, the same date on which Referee Kinder made his award, the Secretary of the Workmen's Compensation Commission wrote the attorney for employee in reply to his letter of April 15th, as follows: "The Award in the above case has been prepared and sent out. Therefore any additional evidence in this case will have to be offered on review."

Pursuant to this letter, on April 22, 1943, and within ten days after the making of said award by said referee, respondent filed with the Commission his application for review, stating therein among other things: "Employee desires to present additional medical evidence.

(No medical evidence was offered, except by employer, in form of written report of Dr. Douglas, of Jasper County T. B. Hospital)."

On May 7, 1943, the full Commission made and entered its final award without further notice to the parties or without receiving or hearing any additional testimony, and without previously acting upon employees application for review. The Award reads as follows:

"We find from all. the evidence that employee herein sustained an accidental injury on December 24, 1942, which arose out of and in the course of his employment, as alleged, but that said injury was not of a permanent nature and, further, employee has been fully compensated for any and all disability sustained. Additional compensation, therefore, must be and the same is hereby denied.

"Employee's application to produce additional medical testimony is hereby denied.

"Affirming on review award dated April 17, 1943."

On May 14, 1943, after the Commission made its final award claimant filed what he designated as "Motion for Reconsideration," to which was attached copies of reports of Dr. Johnson and Dr. Crawford with results of their findings and conclusions; also attached thereto was copy of the letter to the Commission, dated April 15, 1943, on behalf of employee requesting an opportunity to introduce further medical evidence. As to what action was taken by the Commission with reference to this motion the record is silent.

On June 5, 1943, employee, Ezra Lewis, filed with the Commission his notice of appeal to the Circuit Court of Jasper County. On June 10, 1943, the record before the Commission together with a transcript of the testimony taken before the Referee was certified by the Secretary of the Commission to the Clerk of the Jasper County Circuit Court. Thereafter, on October 21, 1943, a certified copy of the above motion and its exhibits were filed in said court.

Upon a trial in the Circuit Court on the record made before the Commission judgment was rendered, which reads in part as follows:

"After an examination of the transcript of the Workmen's Compensation Commission and hearing the argument of counsel, the Court finds that said Commission acted arbitrarily in refusing the request of claimant to offer additional medical evidence on final review by the full Commission, and that its refusal to hear such proper evidence was an abuse of its discretion. Wherefore, it is ordered and adjudged by the Court that this cause be remanded to the Workmen's Compensation Commission for rehearing, in compliance with the finding herein."

From this judgment employer has duly appealed to this court.

It seems to be considered by both employer and employee that the sole question for our determination is whether or not the Missouri Workmen's Compensation Commission acted arbitrarily and in abuse of its discretion in denying employee the privilege

of introducing additional medical testimony while the case was before the full Commission on review. In view of this situation we have set out at length the record of the proceedings leading up to and including the final award of the full Commission.

When notice was given of the initial hearing which was subsequently heard on the 23rd day of March, 1943, the parties were requested to introduce all their evidence since it was not the policy to grant the taking of additional testimony on review except in extreme cases. At this hearing employee's testimony was the only evidence offered in his behalf and the transcript of the evidence shows that the only evidence offered by employer was a written statement made by Dr. Roy E. Myer which was admitted as evidence without objection. Then, upon suggestion of counsel for employee and by agreement with counsel for employer, that in view of Dr. Myer's statement of employee's condition he should be sent to a lung expert, the Referee directed that employee immediately report to Dr. Jesse Douglas of Webb City, for an examination and report; and it was further agreed that when such report, in writing, be made to the Commission, the same should be treated as evidence in the case. It seems that employee could well have made a request at that time to offer additional medical testimony, but not until the report of Dr. Douglas was made to the Commission did he express any desire to do so and this reached the Commission on the day the Referee made his award.

Upon being advised that any additional evidence would have to be offered on review claimant filed his application for review, stating among other things that "employee desired to present additional medical evidence. . . . No medical evidence was offered except by employer in the form of a written report of a Doctor Douglas of the Jasper County T. B. Hospital." From what the record discloses and what we have heretofore stated this statement is not wholly in harmony with the facts. At a meeting of the full Commission, May 7, 1943, without further notice to the parties or without receiving additional testimony the Award of the Referee, dated April 17, 1943, was affirmed.

In his application for review employee failed to express the purpose of the additional medical evidence he desired to offer; he designated no witnesses or what their testimony would be whereby the Commission could determine the merits of the application. In this situation we cannot hold that the Commission acted arbitrarily or in the abuse of its discretion in denying it. [Muse v. E. A. Whitney & Son, 56 S. W. (2d) 848.]

Section 3731, Revised Statutes Missouri, 1939, provides: "If an application for review is made to the Commission within ten days from the date of the award, the full Commission, if the first hearing was not held before the full Commission, shall review the evidence, or *if deemed*

*advisable,* as soon as practicable hear the parties at issue, their representatives and witnesses . . ." (Italics ours.)

.From the plain wording of this section it is apparent that it is within the discretion of the Commission as to whether additional evidence may be heard. [Waterman v. Chicago Bridge & Iron Works, 328 Mo. 688, 41 S. W. (2d) 575; Hohlstein v. St. Louis Roofing Co., 49 S. W. (2d) 226; State ex rel. v. Shain, 108 S. W. (2d) 122, l. c. 127.]

Moreover, the full Commission, in making an award affirming the award of the Referee without first giving notice of such hearing and taking further testimony, did not act arbitrarily nor abuse their discretion. [Hohlstein v. St. Louis Roofing Co., *supra.*]

There is nothing before us to indicate arbitrary action or abuse of discretion on the part of the Commission unless it can be said employee's so called Motion for Reconsideration and the exhibits attached thereto constitute a part of the record in the case. There is no provision in the Workmen's Compensation Act authorizing the Commission to entertain such motion after final award. There is but one course to pursue after final award by the full Commission and that is to appeal to the circuit court. The Motion for Reconsideration and the exhibits attached thereto were filed seven days after the Commission made its final award. Consequently it is our conclusion that such motion and exhibits were not properly a part of the record in the case and should not be so considered. The transcript as certified by the Commission to the circuit court did not include these documents, obviously, on the theory, and rightly so, that they constituted no part of the record. The circuit court should be confined to the transcript of the proceedings and the evidence as certified by the Commission when reviewing an award, absent the charge raised for the first time "that the award was procured by fraud." [Section 3732, R. S. Mo., 1939, Mo. R. S. A.] And the court's action in permitting the introduction of employee's Motion for Reconsideration and the exhibits attached thereto as evidence on appeal was irregular and unwarranted. [Harris v. Harris, 150 S. W. (2d) 760; State ex rel. v. Haid, 327 Mo. 567, 38 S. W. (2d) 44; Higgins v. Heine Boiler Co., 41 S. W. (2d) 565.]

In the record before us and which was certified to the circuit court by the Commission we find no support for the contention that the Commission acted arbitrarily and in abuse of its discretion in denying respondent's request to present additional medical testimony on review of the case by the full Commission.

It is therefore our conclusion that the trial court erred in remanding the cause to the Workmen's Compensation Commission for rehearing. Its judgment is accordingly reversed and the cause remanded with directions that the circuit court affirm the award of the Commission. *Blair* and *Vandeventer, JJ.,* concur.