Nancy HENDERSON, Appellant,

v.

CHRYSLER CORPORATION, Respondent.

No. 41024.

Missouri Court of Appeals, Eastern District, Division Three.

June 17, 1980.

William E. Roussin, Clayton, for appellant.

Edward W. Warner, St. Louis, for respondent.

REINHARD, Judge.

Claimant appeals from a judgment of the trial court affirming the Labor and Industrial Relations Commission award denying workmen's compensation benefits. The administrative law judge had found for the claimant.

The claimant had been an employee of the Chrysler Corporation at its plant in Fenton. She was working on the assembly line where she installed radios. She testified that she was reaching into a radio cage to get a radio when her foot slipped. Claimant lost her balance and lunged to catch the radio. She felt immediate pain in her back and legs. She reported to the plant nurse that she had hurt her back getting in the radio cage, that she had slipped, and that she had lost her balance. She asked the nurse for pain medication and received pain pills and muscle relaxants.

Claimant returned to work for the next two days, but thereafter placed herself under the care of Dr. Villadiego for a wart on her forehead, a lump in her breast, kidney pains, and the pain in her back. She thought she told him about the accident at work, but he did not treat her back. Dr.

Villadiego hospitalized her at Centerville Township Hospital, Centerville, Illinois. Continuing to have pain in her back, claimant went to Dr. Kieffer and was referred to Dr. Schoedinger, who she saw for the first time on November 5, 1973.

She did not tell Dr. Schoedinger of the incident at work involving her back. According to claimant, she had not at that time connected the incident of October 2, 1973 with her back and leg problems. Dr. Schoedinger hospitalized her at Missouri Baptist Hospital on January 30, 1974. She remained there until February 9, 1974. During that time, the doctor performed surgery for a ruptured disc in the lumbar area.

She admitted that on the forms she filled out as an employee for "Sickness and Accident Benefits," she stated that the conditions for which she was treated were not the result of an on-the-job accident. She did not relate them to the radio incident until June or July, 1975. She had retained an attorney to represent her in an unemployment compensation matter in June, 1974, but did not bring the workmen's compensation matter to his attention until June or July of 1975. When she remembered that her foot had slipped, she concluded that the cause of her back problem was her left foot slipping when she reached for the radio, "[b]ecause something caused my back to go bad, to hurt." She never told any doctor about her foot slipping and it was not included on her "Claim for Compensation." In claimant's deposition taken in April, 1976, she did not testify as to the slipping of her left foot. At the trial, claimant "just remembered it."

The company nurse testified that on the night of October 2, 1973, she had entered into the records: "pulled low back picking up radio." The entry was made exactly as the employee had stated it.

The record of Centerville Township Hospital contained the history of October 5, 1973: "One day prior to admission, she noticed pain at the right flank, radiating down the right leg accompanied by bloody urine." Examination of her back revealed: "[n]o tenderness, no muscle spasm. Ques-tionable tenderness at the right flank." The diagnosis was listed as "hematuria, probably stone . . . .."

Dr. Villadiego's deposition testimony revealed that he treated claimant from August, 1973 to October, 1974, and that she had never given him a history of having sustained a back injury while working at the Chrysler plant.

By deposition, Dr. Schoedinger testified that he first treated claimant on November 5, 1973, taking a history of the right-sided renal stone problem of one month duration and the treatment at Centerville Township Hospital for that difficulty with the low back and leg pain persisting after recovery from the renal difficulty. With the complaints continuing following confirmatory studies, surgery was performed on February 1, 1974 in the lumbosacral area. The doctor was of the opinion that as a result of the surgery claimant suffered a permanent partial disability. In answer to a hypothetical question, the doctor was of the opinion that the incident on October 2, 1973 was the "producing cause" of claimant's injury. However, he further testified that claimant at no time had given him a history of an injury on the job as a factor in her back complaints. He treated her for what he considered to be a degenerative disc disease which "does not occur overnight. That takes a number of months or years to occur at least." He further stated that for a patient not to have remembered an accident and reported to him as the cause of low back pain would be "highly unusual."

The administrative law judge found that claimant sustained a 25 percent permanent partial disability of the body as a whole relative to her low back as a result of the accident on October 2, 1973. On appeal to the commission, the award of the administrative law judge was reversed because the award of the judge "is not supported by competent and substantial evidence." The commission further concluded "we do not believe the employee has sustained her burden of proving her disability was either legally or medically related to an incident at Chrysler Corporation on October 2, 1973 . . . .."

We view the record in the light most favorable to the findings and award of the commission.[1] The commission's award is conclusive and must be upheld if it is supported by competent and substantial evidence. *Tillman v. Wedge Mobil Serv. Station*, 565 S.W.2d 653, 657 (Mo.App.1978).

We cannot substitute our judgment for that of the commission nor set aside its award unless the decision is clearly contrary to the overwhelming weight of the evidence. Any conflicts in the evidence and the credibility and weight to be given to the testimony of the witnesses is for the commission to decide and its findings in that regard are conclusive upon us. *Taliaferro v. Barnes Hospital*, 586 S.W.2d 429, 431 (Mo.App.1979). The commission may disbelieve testimony of witnesses although no contrary or impeaching evidence appears. *Petersen v. Central Pattern Co.*, 562 S.W.2d 153, 156 (Mo.App.1978).

In light of the above principles, after an examination of the award and the record, we find that the commission's award is supported by competent and substantial evidence.

The commission determined the employee had not sustained her burden of proving that her disability was related to the accident at the Chrysler Corporation plant on October 2, 1973. The testimony of Drs. Villadiego and Schoedinger demonstrated that claimant had not revealed to either of them that she had been involved in an accident and that her disability was in any way related to an accident. She had completed numerous benefit forms wherein she specifically denied that her injury was work related. It was not until 18 months after the accident that the claimant remembered that she had the accident which she now contends caused her back injury.

On direct examination in his deposition, Dr. Schoedinger indicated, based on a reasonable medical certainty, that the accident of October 2, 1973 was the "producing cause" of her back injury. However, on cross-examination, Dr. Schoedinger stated that he specifically asked claimant whether or not she had any type of accidental occurrence and her response was "no." He was totally unaware of claimant's contention that back problems were related to her employment until he was contacted by her attorney on December 24, 1974. He further testified that he told the claimant's lawyer that he could not answer positively that the claimant's lifting of the radios at work caused her problem. Dr. Schoedinger repeated his conversation with claimant's attorney: "I told him I did not believe her renal difficulty caused the disc disease; and that in all likelihood was related to, at least on the basis of her history given to me, degenerative disc disease." He testified degenerative disc disease "begins in early teenage life in everybody." Further, the doctor explained that "we knew that to be true because of the fact that she had degenerative changes in her back, on the basis of the x-rays. That does not change, that does not occur overnight. That takes a number of months or years to occur at least." Dr. Schoedinger noted that at the time of the deposition's taking—April 15, 1977—that claimant had neck problems as well as low back problems. He stated that he did not know how much of claimant's current condition was related to degenerative disc disease.

The burden of proof was on the claimant to show that her injury resulted from an accident which occurred within the course of her employment. The conflicts in and weight of evidence in this case was for the commission to determine. It had to judge the credibility and weight of the testimony of claimant as well as evaluate the testimony of the doctor in relationship to the other testimony. The question of caus-

1. Although the commission in its findings highlighted portions of the transcript as a basis for its conclusion that claimant had not sustained its burden of proof, the commission is not required to state all evidentiary facts upon which its ultimate findings depend. *Petersen v. Central Pattern Co.*, 562 S.W.2d 153, 156 (Mo.App. 1978). The record reveals that the commission could have reached the same conclusion as the administrative law judge, however, the weight and credibility was for the commission to decide.

al relationship was one of fact. *Groce v. Pyle*, 315 S.W.2d 482, 490 (Mo.App.1958). Viewing the evidence in the light most favorable to the commission's finding, we believe it is supported by substantial and competent evidence.

 Although claimant contends that the commission ignored the findings of the administrative law judge, there is nothing in the record to indicate that the commission did not consider his award in reaching the final award.

The judgment of the trial court affirming the award of the commission is hereby affirmed.

DOWD, P. J., and CRIST, J., concur.