**Donald WINN, Plaintiff-Appellant,**

v.

**KROGER COMPANY, Defendant-Respondent.**

**No. 42321.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 17, 1981.

---

Harry J. Nichols, St. Louis, for plaintiff-appellant.

Robert Wieland, St. Louis, for defendant-respondent.

SNYDER, Judge.

This is an appeal from a judgment of the St. Louis County Circuit Court affirming a ruling of the Labor and Industrial Relations Commission (Commission) which denied, for lack of jurisdiction, an employee's motion to reopen his worker's compensation award after the periodic payments had ended.

The judgment is affirmed.

Employee Donald Winn injured his left index finger in the course of his employment. He filed a claim for compensation which was heard November 16, 1977. The administrative law judge on January 11, 1978 entered an award of $80.00 per week for fifteen weeks for permanent partial disability and $150.00 for disfigurement, a total of $1,350.00. There was no appeal from the award. A receipt for the full amount, dated January 18, 1978 was filed with the Division of Worker's Compensation. The employee filed a motion December 19, 1978 to reopen the award under § 287.470, RSMo 1978 alleging a change in the condition of his finger. The motion was denied by the Commission because it lacked jurisdiction, the period for the payment of the weekly benefits having ended. The employee appealed from the circuit court's judgment affirming the Commission's ruling.

The facts in this case make it procedurally identical to *Yokel v. Beta Corp.*, 615 S.W.2d 78 (Mo.App. 1981), decided contemporaneously, in which this court declined to overrule prior cases which limited the Commission's jurisdiction to reopen an award for change in condition pursuant to § 287.470, RSMo 1978, to the payment period under the award. *State ex rel. Saunders v. Missouri Workmen's Compensation Commission*, 333 Mo. 691, 63 S.W.2d 67, 69[3] (banc 1933); *Ferguson v. Ozark Distributing Co.*, 230 Mo.App. 529, 93 S.W.2d 291 (1936); *Miller v. William C. Johnson & Sons Machinery Co.*, 83 S.W.2d 144, 146[1–3] (Mo. App.1935). The remedy sought by appellants is legislative not judicial. There was no error of law in the trial court. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo.banc 1976). Rule 73.01. An extended opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

CRIST, P. J., and REINHARD, J., concur.