**Artie Mae HOLMAN,
Plaintiff-Appellant,**

v.

**NORMANDY OSTEOPATHIC HOSPITAL, Defendant-Respondent.**

**No. 48716.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 9, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1985.

Application to Transfer Denied
June 25, 1985.

Harry James Nichols, St. Louis, for plaintiff-appellant.

Daniel Steigerwald, St. Louis, for defendant-respondent.

SMITH, Presiding Judge.

Plaintiff appeals from the judgment of the Circuit Court affirming the decision of the Labor and Industrial Relations Commission denying for lack of jurisdiction plaintiff's petition to reopen her award on the grounds of a change of condition.

Plaintiff sustained a compensable injury on May 27, 1976. She was awarded 120 weeks compensation from May 28, 1976. The award was paid and receipts were filed on August 3, 1979. On October 15, 1979, after the payment and after the 120 weeks she filed her petition to reopen the case for a "change of condition." The Commission denied the motion for lack of jurisdiction.

Sec. 287.470 RSMo 1978, provides that upon a change of condition the Commission may "at any time" review any award and may make an award "ending, diminishing or increasing the compensation previously awarded...." Commencing with *State ex rel. Saunders v. Missouri Workmen's Compensation Commission,* 333 Mo. 691, 63 S.W.2d 67 (banc 1933) the appellate courts of this state have consistently held that "at any time" means before payment of the award or before the expiration of the time during which the award is to be paid, whichever is later. After that the Commission has no further jurisdiction. *Miller v. William C. Johnson & Sons Machinery Co.,* 83 S.W.2d 144 (Mo.App.1935); *Ferguson v. Ozark Distributing Co.,* 93 S.W.2d 291 (Mo.App.1936); *Yokel v. Beta Corporation,* 615 S.W.2d 78 (Mo.App.1981); *Winn v. Kroger Company,* 615 S.W.2d 80 (Mo.App.1981). A thorough discussion of the matter is contained in *Yokel v. Beta Corporation, supra,* and an extended opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

SNYDER and SATZ, JJ., concur.