Barbara J. MODLIN,
Employee-Appellant,

v.

SUN MARK, INC.,
Employer-Respondent,

and

American Motorists Insurance Company,
Insurer-Respondent.

No. 49168.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 25, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Morris B. Kessler, St. Louis, for employee-appellant.

James A. Thoenen, William E. Roussin, Sp. Asst. Atty. Gen., St. Louis, for employer-respondent.

SATZ, Judge.

Claimant, Barbara J. Modlin, appeals from an award of the Labor and Industrial Relations Commission (Commission). Ms. Modlin was injured when she lost her balance and fell back against an electrical outlet at work, striking the middle left side of her back. The Commission found Ms. Modlin sustained permanent partial disability of 15% of the body as a whole, based upon her back injury resulting from the accident. The Commission also found additional disability for Second Injury Fund liability as a result of the back injury combined with a prior neck injury and her affliction with Crohn's disease. The Commission did not award Ms. Modlin any future medical care.

In her first two points on appeal, Ms. Modlin contends the award should have been for permanent total disability based on the total effects of the injury combined with her other conditions. She argues that the Commission improperly limited the disability to only the direct physical injury from the accident. Ms. Modlin further contends that she should have been awarded future medical care for treatment necessary to alleviate, cure or relieve the effects of the injury, primarily the aggravation of

her Crohn's disease to the extent that she is no longer able to return to work.

■ In our review, we defer to the Commission's resolution of conflicting evidence, *e.g., Henderson v. Chrysler Corp.*, 601 S.W.2d 645, 648 (Mo.App.1980). We find the Commission's findings are clearly supported by competent and substantial evidence. *See, e.g., Tillman v. Wedge Mobile Service Station*, 565 S.W.2d 653, 657 (Mo. App.1978).

■ The Employer's medical expert rated Ms. Modlin's disability as 5 to 10% of the body as a whole. Ms. Modlin's medical expert rated her permanent partial disability as 20%. The Commission's finding of 15% permanent partial disability was not only reasonable, but was also supported by the record. *See Blissenbach v. General Motors Assembly Div.*, 650 S.W.2d 8, 11 (Mo.App.1983).

■ Employer's expert found no medical causal relationship between the Crohn's disease and the accident. In addition, he found that Ms. Modlin was not in need of future orthopedic care. Ms. Modlin's expert made no mention of the medical causal relationship between the Crohn's disease and the accident but did testify that Ms. Modlin was in "possible" need of further medical treatment. Since future medical care must flow from the accident before the employer is to be held responsible, *Gill v. Massman Construction Co.*, 458 S.W.2d 878, 881 (Mo.App.1970), a mere possibility of need of further care does not constitute substantial evidence to support the award Ms. Modlin seeks. *See, e.g., Smith v. Terminal Transfer Co.*, 372 S.W.2d 659, 664 (Mo.App.1963).

■ The only testimony in favor of an award for the aggravation of Ms. Modlin's pre-existing Crohn's disease came from Ms. Modlin herself. The proof of causation

when dealing with an allegation of a pre-existing condition being aggravated by a subsequent injury is not within the realm of lay understanding. *See Griggs v. A.B. Chance Co.*, 503 S.W.2d 697, 704–05 (Mo. App.1973). *See also Jett v. Chain of Rocks Amusement Park*, 359 S.W.2d 400, 405 (Mo.App.1962). There is therefore no basis upon which an award in favor of Ms. Modlin on the issue of medical causation and future medical care can be rendered based on the record in this case. Consequently, we deny Ms. Modlin's first two points.

Ms. Modlin's third and final point centers on two events, her discharge from work and the Social Security Administration's determination that she was entitled to disability payments. Both of these events occurred after Ms. Modlin's hearing before the Administrative Law Judge (ALJ) but before the Commission issued its decision. Ms. Modlin timely filed an "application for review" with the Commission with the determination of the Social Security Administration attached. She then filed a "motion for change of condition and additional evidence" with the Commission based upon the Employer's letter of discharge. The Commission affirmed the award of the ALJ a few months later without a hearing. No mention of the change of condition motion was made in the award.

Ms. Modlin contends the Commission improperly proceeded without a hearing and without any notice to the parties in contravention of § 287.470 in affirming the ALJ's award.[1] Employer contends the documents pertaining to the discharge and Social Security determination are outside the record, and therefore, are not properly before this court. If the documents are properly before this court, Employer then argues there is no reference in these documents to

1. Section 287.470, RSMo 1978 states:

Upon its own motion or upon the application of any party in interest on the ground of a change in condition, the commission may at any time upon a rehearing after due notice to the parties interested review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter, and shall immediately send to the parties and the employer's insurer a copy of the award. No such review shall affect such award as regards any moneys paid.

any medical opinions or conditions which were not available to Ms. Modlin prior to the hearing. We agree with Employer's latter contention.

■ Section 287.480, RSMo 1978 provides for a method of review by the Commission of the ALJ's award.[2] After a claimant timely files an application for review with the Commission, the Commission "shall review the evidence, or, if considered advisable, as soon as practicable hear the parties at issue ... and shall make an award...." Section 287.480. Case law interprets this statute to mean that the hearing of additional evidence by the Commission is discretionary with the Commission. *E.g., Lewis v. Kansas Explorations, Inc.,* 238 Mo.App. 697, 187 S.W.2d 524, 527 (1945). The Commission has the option to review only the evidence already taken and make its final award from that or to choose to hear further evidence. *E.g., Waterman v. Chicago Bridge & Iron Works,* 328 Mo. 688, 41 S.W.2d 575, 578 (1931). Consequently, we would overturn the award only if the Commission acted arbitrarily or abused its discretion in failing to consider the Social Security determination attached to the application for review. *See, e.g., Waterman,* 41 S.W.2d at 578.

■ As employer points out, Ms. Modlin makes no reference in her application to any new medical information that was not available prior to the hearing. While the decision itself of the Social Security Administration constitutes new evidence, the material contained within the Social Security award and report is merely cumulative of that evidence already before the Commission. *Cf. Clark v. Frazier-Davis Construction Co.,* 258 S.W.2d 934, 937 (Mo. App.1953). The Commission therefore did not abuse its discretion or act arbitrarily in affirming the ALJ's award without first giving notice of another hearing or taking further testimony or evidence. *See, e.g., State ex rel. Randall v. Shain,* 341 Mo. 201, 108 S.W.2d 122, 127 (1937); *Lewis,* 187 S.W.2d at 527; *Hohlstein v. St. Louis Roofing Co.,* 49 S.W.2d 226, 229 (Mo.App. 1932).

■ We also find the Commission did not abuse its discretion or act arbitrarily in refusing to grant Ms. Modlin's motion for review, based upon an alleged change in condition. The Employer's discharge letter represents only a change in Ms. Modlin's employment status, not her medical condition. *See Blissenbach,* 650 S.W.2d at 10–11; Wise, *Procedural Problems in Workmen's Compensation Cases,* 20 J.Mo.B. 361, 365 (1964). The purpose of the statute is not to correct errors made in computing the amount or period of award. A continued incapacity of the same kind and character for which an award has been made is not a change in condition warranting a modification of the award. *E.g., Blissenbach,* 650 S.W.2d at 11; *Adkins v. Bramhall,* 233 S.W.2d 36, 40 (Mo.App. 1950); *Winschel v. Stix, Baer & Fuller Dry Goods Co.,* 77 S.W.2d 488, 491 (Mo. App.1934).[3]

Since the Commission's decision is supported by substantial and competent evi-

---

**2.** Section 287.480, RSMo 1978 provides:
   If an application for review is made to the commission within twenty days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence or, if considered advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award and file it in like manner as specified in section 287.-470....

**3.** We also note that Ms. Modlin's motion may have been improperly designated or filed too early. According to 8 C.S.R. 20–3.020, "[t]he sole issue in all proceedings under § 287.470 is whether there has been a substantial change in employee's condition between the date of the commission's final award and the date of the rehearing." This language implies that such motions should be filed after the Commission makes it final award and not before.

   If the motion was improperly designated as a change in condition instead of an application for permission to introduce additional evidence, the discussion above pertaining to the Social Security Administration's decision is dispositive of the issue.

dence on the record as a whole, the decision is affirmed.[4]

SMITH, P.J., and SNYDER, J., concur.

---

4. Employer argues that the discharge letter and Social Security Administration decision are outside the record and should not be considered on appeal. The cases to which Employer cites are inapplicable to Ms. Modlin's situation. *Lewis v. Kansas Explorations, Inc.,* 238 Mo.App. 697, 187 S.W.2d 524 (1945) and *Vogt v. Lambert Pharmacal,* 218 S.W.2d 788 (Mo.App.1949) deal with documents filed after a final award has been made. Ms. Modlin's documents were filed before the Commission made its decision in addition to being filed at the earliest times possible under the circumstances.

Ms. Modlin's argument that this court's interpretation of § 287.470 is contrary to the language of the statute and requires correction need not be decided in this instance. Even if we were to ignore the sound reasoning of *Yokel v. Beta Corp,* 615 S.W.2d 78, 79–80 (Mo.App. 1981) and *Winn v. Kroger Co.,* 615 S.W.2d 80, 81 (Mo.App.1981) and determine that the Commission would have jurisdiction to reopen Ms. Modlin's case, Ms. Modlin has failed to establish a change in her medical condition sufficient to warrant reconsideration by the Commission.