# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2879

_____

|  |  |  |
|---|---|---|
| Terrie Elizabeth Ridpath; Lon E. Ridpath, | * * * | |
| Appellants, | * | |
| v. | * * * | Appeal from the United States District Court for the Eastern District of Missouri. |
| Howard Lloyd Pederson; The Lakin Law Firm, P.C.; Ricky D. Foutch, | * * * * | |
| Appellees. | * | |

_____

Submitted: April 11, 2005
Filed: May 16, 2005

_____

Before COLLOTON, McMILLIAN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Terrie E. Ridpath and Lon E. Ridpath appeal the district court's[1] grant of summary judgment in their personal injury suit. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

This court reviews de novo the grant of summary judgment, giving the Ridpaths the most favorable reading of the record and the benefit of any reasonable inferences from the record. *See **Uhiren v. Bristol-Myers Squibb Co.***, 346 F.3d 824, 827 (8th Cir. 2003). "Summary judgment is appropriate only when the pleadings, depositions and affidavits submitted by the parties indicate no genuine issue of material fact and show that the moving party is entitled to judgment as a matter of law." ***Id.*** In this diversity case, Missouri state law governs the substantive claims. *See **Bennett v. Hidden Valley Golf and Ski, Inc.***, 318 F.3d 868, 874 (8th Cir. 2003), *citing **Erie R.R. Co. v. Tomkins***, 304 U.S. 64, 78 (1938).

Howard L. Pederson entered the Ridpaths' property to serve process and came into contact with Terrie Ridpath. The Ridpaths sued for battery, trespass, false imprisonment, and loss of consortium – against Pederson, Pederson's employer (The Lakin Law Firm P.C.), and the firm's client (Ricky D. Foutch).

Ridpath alleged that Pederson's torts aggravated her Crohn's disease, and caused "other, unrelated" injuries. The district court granted summary judgment, concluding that Ridpath did not offer the expert medical testimony required to prove causation of the alleged injuries.

With respect to the Crohn's disease claims, Ridpath argues that under the "sudden onset" doctrine, she may prove causation without expert testimony. Ridpath contends this case is controlled by *Berten v. Pierce*, 818 S.W.2d 685 (Mo. App. 1991). In *Berten*, the Western District of the Missouri Court of Appeals applied the sudden onset doctrine to find a submissible case of causation where a car accident allegedly aggravated a pre-existing back condition. ***Id.*** at 686-87.

> That doctrine holds that causation may be inferred by a lay jury, without expert evidence, where the obvious symptoms of the injury follow the trauma immediately, or with only short delay, and the injury is the kind that is normally sustained in the kind of trauma being considered. The

lay jury by its common sense and experience may reliably find that the injury occurred as a result of the trauma. The most obvious cases for the application of the doctrine are those where a person is involved in a violent accident and sustains a broken bone, or an open wound. It has also been applied in cases of back pain.

*Id.* at 686 (citations omitted).

The parties note a conflict among Missouri cases on whether aggravation of a pre-existing injury is within lay understanding for purposes of the sudden onset doctrine. *Compare* **Berten**, 818 S.W.2d at 687, *with* **Rech v. AAA Plumbing Co.**, 798 S.W.2d 194, 196 (Mo. App. 1990), *and* **Modlin v. Sun Mark, Inc.**, 699 S.W.2d 5, 7 (Mo App. 1985). This court need not address that question. Even assuming that *Berten* is the law, Ridpath did not make a submissible case of causation. As *Berten* states, the sudden onset doctrine applies "where the obvious symptoms of the injury follow the trauma immediately, or with only short delay, and the injury is the kind that is normally sustained in the kind of trauma being considered." **Berten**, 818 S.W.2d at 686. But "when the injury is a 'sophisticated' one, i.e., requiring surgical intervention or other highly scientific technique for diagnosis, proof of causation is not within the realm of lay understanding and must be established through expert testimony." **Turner v. Iowa Fire Equip. Co.**, 229 F.3d 1202, 1210 (8th Cir. 2000), *applying* **Soper v. Bopp**, 990 S.W.2d 147, 157 (Mo. App. 1999).

True, Ridpath testified to an onset of increased Crohn's symptoms after the incident. However, this is not a case where a "lay jury by its common sense and experience may reliably find that the injury occurred as a result of the trauma." **Berten**, 818 S.W.2d at 686. Unlike back pain after an auto accident, an aggravation of Crohn's disease is not an injury a lay person understands normally to result from a battery, trespass, or false imprisonment. Here, the alleged injury is sufficiently sophisticated that Ridpath's doctor agreed "it has not been possible to correlate the

-3-

development of disease with psychological disposition or exacerbations to stressful life."  Summary judgment was proper on the Crohn's disease claims.

Ridpath further argues the district court erred in holding that without expert medical testimony, she could not prove that Pederson's acts caused injuries unrelated to her Crohn's disease.  She alleges that Pederson's intentional torts caused "mental suffering" that may be proved without expert testimony.  This court affirms for a different reason, and does not reach the state law issue.  *See **Viking Supply v. Nat'l Cart Co.***, 310 F.3d 1092, 1097 (8th Cir. 2002) (summary judgment may be affirmed on any ground supported by the record, even if not relied upon by the district court).

Ridpath cannot prove "mental suffering" damages unrelated to Crohn's disease.  Defendants' Statement of Uncontroverted Material Facts number 22 says: "Plaintiff Ridpath has admitted that all of her conditions, including feeling tired, worn out, and depressed 'are 100 percent related strictly to the Crohn's disease.'  Exhibit 3, Ridpath Deposition, 33:2-34:14."  Ridpath did not controvert Statement number 22.  Local Rule 7–4.01(E) (E.D. Mo. 2004) provides, "All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."  Because Ridpath effectively admits that all of her conditions are related to Crohn's disease, summary judgment is proper on her claim for "unrelated" mental suffering.  *See **Harris v. Interstate Brands Corp.***, 348 F.3d 761, 762-63 (8th Cir. 2003).

Summary judgment resolves all claims because Lon Ridpath's claim derives from those of his spouse, and the claims against the employer and client are based on respondeat superior.  The judgment is affirmed.

_____